KILKER, Respondent, v. FORD MOTOR COMPANY, Appellant.

(164 N. W. 57.)

(File No. 4155.   Opinion filed August 23, 1917.)

**Principal and Agent—Auto Agency Contract—Shipment, Whether Under Contract, or Requisition Order?—Liability to Agent— Immunity from Damages for Non-shipment, Validity.**

> In a suit by an agent to recover for failure of the principal to ship certain automobiles, held, that as the limited agency contract provided that principal did not agree to fill any requisitions, although same would receive its good faith attention, and that no legal liability should result from failure to fill them, plaintiff's contention that the suit was based upon a requisition and not upon the contract is untenable, since the requisition recited that it was "under our limited agency contract." Held, further, that such provision for immunity from damages was one the parties might make.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by George H. Kilker, against the Ford Motor Company, for damages for failure to ship automobiles under requisition. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed in part, in part reversed, and remanded.

*W. G. Rice,* and *Rogers, Ellis & Johnson,* for Appellant.
*Martin & Mason,* for Respondent.

Appellant cited:   Parry Mfg. Co. v. Lyon et al., 64 S. W. 436.

Respondent cited:   Velie Co. v. Kapmeier Co., 194 Fed. 324 (C. C. A. 7th.)

GATES, P. J. Plaintiff was the Ford agent at Sturgis, S. D., under the terms of a limited agency contract entered into by him and the defendant for the year ending September 30, 1914. On September 19, 1914, plaintiff executed and sent to the defendant's Denver office the following requisition for six automobiles:

"In making out this requisition or order be careful to follow instructions below.   1913—Requisition or Order—1914.   By Limited or Sub-limited Agent for Consignment of Automobiles. Dated at Deadwood, Month 8, Date 19, 1914.   Ford Motor Company—Gentlemen:  Please ship on consignment under our limited agency contract from ——— to Geo. H. Kilker at Sturgis, So. Dak.   Week of rush via ———, and collect the stipulated advances against us.  Sight draft attached to bill lading.   Load 6 machines to carload if possible.   (Here follows a statement of the six cars, and printed instructions.)   Approved at Denver Branch, by Heath.   Signature of the Limited Agent, Geo. H. Kilker, Address, Sturgis, S. D."

The cars were never delivered.   Plaintiff's agency contract was not renewed.  This action was brought to recover, under the first cause of action, damages equivalent to the dealer's profit on said six cars, and, under the second cause of action, the sum of $55.36, withheld by defendant out of plaintiff's deposit under the contract.   The action was tried by the court without a jury. Findings, conclusions, and judgment were entered in favor of plaintiff for substantially the amount claimed under the first cause of action and for the entire amount claimed under the second cause of action.  From the judgment and order denying a new trial defendant appeals.

We are satisfied with the correctness of the judgment so far as the second cause of action is concerned.   That cause of action covers two items, one of $49, and the other of $6.36.   The former item relates to a 10 per cent. commission on a demonstrator car used and sold by plaintiff under the terms of paragraph 27 of the contract.   Under the findings of the trial court, which are sustained by the evidence, the plaintiff was entitled to this item.   The other item relates to the price of a speedometer furnished by defendant direct to one of plaintiff's customers after defendant had been notified by plaintiff that all customers to whom speedometers were due had been taken care of.   Defendant furnished

the speedometer at its own risk and could not charge plaintiff with its price.

But the serious matter in controversy relates to the first cause of action. Paragraph 11 of the agency contract is as follows:

"(11) Requisitions by second party for consignments of Ford automobiles shall be made upon requisition blanks furnished by first party, and will receive first party's careful and good faith attention, but first party does not agree to fill any requisitions, but expressly reserves the right to refuse any requisition; and all such requisitions, even when accepted by first party, shall be subject to delays occurring from any cause whatsoever in the manufacture and delivery of its product—no legal liability to fill such requisitions being incurred under any circumstances."

[1] It is urged by respondent that this action was not brought upon the agency contract, but upon an accepted requisition or order for six cars, which the company refused to ship. Counsel further state:

"It was not the violation by the Ford Company of any provision of the limited agency contract of which plaintiff complains, but its violation of a new and independent contract for the shipment of six cars. Perhaps the later contract would not have been entered into but for the limited agency contract; but, as no fraud or mistake is alleged, it is not material what reasons induced the parties to agree upon the shipment of these six cars."

This argument is fallacious. The accepted requisition by its very terms was based on the agency contract, so that every part of the contract material to the requisition was in fact incorporated into the order or requision. By the terms of paragraph 11 of the contract the defendant was exempted from liability for damages for failure to fill even accepted requisitions. Call this provision unconscionable if you will, it is nevertheless such a provision as parties competent to contract are privileged to make. Parry Mfg. Co. v. Lyon, 111 Ky. 613, 64 S. W. 436. But under the facts of this case the refusal to fill this order was not unconscionable. Plaintiff was advised on September 25, 1914, that the company would be unable to make shipment of the cars before the end of the month, as it was far behind with its deliveries, and plaintiff knew that his agency contract terminated with the last day of

that month. If he then expected to have the order filled, he should have arranged for a renewal of the contract  We are of the opinion that the evidence was wholly insufficient to sustain a judgment upon the first cause of action.

The judgment and order appealed from are affirmed, together with costs to plaintiff in the trial court, in so far as they relate to the second cause of action, but are reversed in so far as they relate to the first cause of action, and the case is remanded for further proceedings in accordance herewith.   No costs will be taxed in this court.