## Young v. Waltham Piano Company.

(Decided November 16, 1923.)

### Appeal from Anderson Circuit Court.

1. Pleading—Exhibit May Detract from, but Cannot Add to, Pleading.—The allegations of a petition must be considered in connection with the terms of a contract relied on and filed with it, for an exhibit filed by a party may detract from, but cannot add to, his pleading.

2. Evidence—Oral Agreement Not Competent in Connection with Agency Contract.—Where contract of agency for sale of pianos contained no express warranty as to pianos furnished the agent, proof of an oral warranty by the general agent of the principal was inadmissible, where the agency contract provided that "no promise, representation, or agreement shall be binding on the company unless contained in this agreement."

3. Sales—Parol Warranty by Principal Held Not Supported by Consideration.—Where a written agency agreement was entered into, and pianos were shipped to agent, a parol warranty of the pianos was invalid as not supported by consideration, where plaintiff agent did not obligate himself therein to do anything he was not already obligated to do in the written agreement.

4. Principal and Agent—Piano Company Not Bound to Ship Pianos to Agent.—Where piano company entered into an agreement to loan pianos to plaintiff agent for purpose of sale, title to remain in the company, which could take them out of the possession of plaintiff if it desired, the company was not bound to ship any pianos to plaintiff.

5. Principal and Agent—Agent Held Not Entitled to Damages Claimed Because Defective Pianos Furnished.—Where piano company loaned pianos to plaintiff for purpose of sale, and plaintiff agreed to keep the pianos "suitably displayed and in proper salable condition," plaintiff was bound to put pianos furnished in salable condition, if they were defective when received, and was bound to inform himself as to whether they were in good condition when received, and could not recover damages consisting of loss of earn-

ings or commissions resulting from his futile efforts to sell defective pianos received and from refusal of company to furnish others for sale in their stead.

STANLEY TRENT for appellant.

LILLARD CARTER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The sole question on this appeal is whether appellant's petition as amended states a cause of action.

The averments of the petition are: Appellant entered into a contract with appellee whereby it constituted and appointed him its sole dealer in certain counties to sell pianos manufactured by it; that he ordered two pianos from appellee and it accepted the order but shipped to him two pianos that were defective and worthless; that he thereafter spent many months in a futile effort to sell them, and also frequently requested appellee to replace them with others in good condition, but appellee refused so to do; and that by reason of appellee's shipping him the defective pianos, and its refusal to furnish others in good condition in lieu of them, he was prevented from earning commissions and salary as appellee's agent, and from operating his business for many months, to his damage in the sum of $1,000.00. The amended petition avers that in consideration of appellant's placing an order for the pianos mentioned in the petition the general agent of appellee represented and warranted that they would be good and suitable instruments for the purpose of sale, and would play music properly, but they were defective and he was unable to sell them, which resulted in his damage to the amount claimed in the original petition.

A copy of the contract of agency was filed with the petition. It provided that appellee would "loan to the dealer (appellant), for the purpose of sale, pianos and piano players, shipping them on terms of this contract as ordered by the dealer;" the dealer would accept all pianos shipped, paying all freight and transportation charges thereon and keeping them "suitably displayed and in proper salable condition" while in his possession; the title to the instruments should remain in the appellee, and should it desire to have them taken out of possession

of appellant he would ship them to any place designated by appellee; and upon the sale of the pianos appellant would pay the invoice wholesale price thereof to appellee, such prices with the retail prices being furnished to him at the time shipments were made.

The allegations of the petition must be considered in connection with the terms of the contract relied on, for it is the rule that an exhibit filed by a party may detract from but cannot add to his pleading. Bank of Anderson County v. Foster, et al., 146 Ky. 179.

It is conceded that there is no express warranty in the contract, but it is contended that such a warranty was made by the general agent of appellee at the time the two pianos were shipped. There is an averment of that character in the amended petition, but we do not regard it as efficacious, for parol agreements were forbidden by the clause of the contract providing that "no promise, representation or agreement shall be binding on the company unless contained in this agreement." And aside from that question the parol warranty had no supporting consideration, because the agreement in reference thereto as alleged shows that appellant did not obligate himself therein to do anything he was not already obligated to do in the written agreement.

Appellant contends, however, that there was an implied warranty, for the breach of which, as set out in the petition, he may recover damages. It has been held in this state, in Parry Manufacturing Co. v. Lyon, etc., Bros. 111 Ky. 613, that an action for damages will not lie against the principal for the breach of a contract creating an agency where the contract gave to the principal the right to dishonor any and all orders. In that case there was an agreement on the part of the principal to deliver to the agent a carload of vehicles. The contract provided, among other things, that Lyon & Brothers were to be the agents of the manufacturing company, and this agency was to continue for a specified time unless sooner revoked by the company. It also provided that all goods shipped under the contract should remain the property of the manufacturing company and be subject to its orders. It was held that, as the manufacturing company had the right to order all vehicles shipped to the dealer returned and to revoke the the contract without cause, an action for damages for failure to deliver the vehicles would not lie.

The contract under consideration contains similar provisions to those involved in the Parry Manufacturing Company case. Appellant was not, therefore, bound to ship any pianos to appellee, and, had it refused to ship any, no action on the contract could have been maintained. But appellant insists that, inasmuch as it did ship two pianos, it was bound to ship instruments suitable for the purposes for which they were ordered, and, having failed to do so, it is liable for a breach of the contract.

In considering the question just mentioned it should be noted that the damages claimed consist of loss of earnings and commissions, resulting as alleged from appellant's futile efforts to sell the two defective pianos and from the refusal of appellee to furnish others for sale in their stead. No other character of damage or loss is alleged. In the same connection it is to be remembered that appellant agreed to keep the pianos "suitably displayed and in proper salable condition." This stipulation not only bound appellant to put the pianos in salable condition if they were otherwise received, but also bound him to inform himself as to whether they were in such condition when received. That being his contractual duty, it must be presumed that he performed it, and on the receipt of the instruments did inform himself as to their true condition. According to the petition they were then defective. Knowing this he could not make appellee responsible for commissions on the pianos or for work done or time consumed in attempting thereafter to sell them.

Nor does the petition state grounds for a recovery on the other item of damages claimed, viz., loss of earnings because of the refusal of appellee to replace the pianos with others in good condition, since as we have seen appellee was not bound to make any shipment and had the right to require the return of the pianos at any time. As neither element on which appellant's claim of damage is based could legally flow from the acts of which he complains, it follows that the ruling of the trial court in dismissing the petition upon appellant's refusal to amend it was proper.

The judgment is affirmed.