## THOMES *vs.* MOODY.

A, being the owner and occupant of a farm, was forcibly expelled therefrom by B, C, and D, — the former conveying the premises at the same time to C, and he leasing them to D, for a year. D entered, and improved for a period of about nine months, and raised and gathered the crops. At the expiration of the nine months, A was restored to the possession, by judgment of Court, on a process of forcible entry and detainer. The crops, raised by the labor of D, being then in the barn, on the premises, were taken and converted by A to his own use. In an action of trover, brought therefor by D, it was held that A, under the circumstances, was legally entitled to the crops taken, and that the action could not be maintained.

THIS was an action of *trover* for five tons of hay, four barrels of wheat in the chaff, twenty loads of manure, and a lot of plank and boards, and was tried upon the general issue, before *Parris J., Nov.* term, 1833. The jury found for the defendant, as to all the property described in the writ, except the hay and wheat, and as to these, the following facts appeared in evidence.

On the 14*th* of *May*, 1832, one *Samuel Moody*, not having either title or possession, by deed conveyed to *William Thomes*, the plaintiff's lessor, the homestead farm of *Edmund Moody*, deceased, and put the said *William Thomes* into possession, in the manner hereafter mentioned; and the said *William*, on the same day, leased the premises to the plaintiff for one year; and the plaintiff immediately entered into possession, and improved the premises until the 28*th* of *February*, 1833, and the hay and wheat aforesaid, were grown on said premises, under and during the occupancy of the plaintiff, and were cut and cured by him.

It appeared that *Samuel Moody* was administrator on the estate of *Edmund Moody*, deceased, and that the defendant was one of the heirs at law of said deceased, and was, on the 14*th* day of *May*, 1832, in the possession and occupation of the premises, residing in the house standing thereon, with his family; that the plaintiff, on that day, with *Samuel Moody* and others, made a forcible and unlawful entry into the premises, and forcibly and unlawfully expelled the defendant therefrom, and kept him out of possession until the 28*th* of *February*, 1833, when the defendant was restored to the possession, under a judgment duly rendered in his favor, on a process of forcible entry and detainer.

During the time between the 14th of May, 1832, and the 28th of Feb. 1833, the plaintiff had the sole and exclusive possession and occupancy of the premises, under his lease.

When the defendant was restored to the possession, on the 28th of February, the hay and wheat were in the barn standing on the premises, and he converted said hay and wheat to his own use.

For the purpose of having all the facts settled, so that by a decision of the law the case might be determined, the presiding Judge directed the jury to find the value of the hay and wheat, which they did.

If, in the opinion of the whole Court, the plaintiff could maintain his action on these facts, judgment was to be rendered on the verdict, otherwise the verdict was to be set aside and a nonsuit entered.

*Longfellow,* for the defendants, cited the following authorities, in support of positions which were sustained by the opinion of the Court. *Higginson* v. *York,* 5 *Mass.* 341 ; *Loomis* v. *Green,* 7 *Greenl.* 386 ; *Cox & al.* v. *Callender,* 9 *Mass.* 543 ; *Cummings et ux.* v. *Noyes,* 10 *Mass.* 433.

*Fessenden* and *Deblois,* for the plaintiff, contended that the deeds and acts of *Samuel Moody, William Thomes,* and the plaintiff, on the 14th of *May,* constituted a *disseisin* of the defendant — and that as a disseisor, the plaintiff had *title,* though subject to be defeated by the true owner. All the defendant's rights therefore to the herbage and produce were suspended until re-entry, when he might have had his action to recover the mesne profits. *Knevett* v. *Pool & al.* Cro. *Eliz.* 464 ; *Allen* v. *Thayer,* 17 *Mass.* 299 ; *Fletcher* v. *McFarlane,* 12 *Mass.* 43.

The law makes a distinction between a personal chattel and real estate. In regard to the former the *trespasser* is considered such throughout. Not so in the latter. While he is answerable for the *first* act in *trespass,* for all the subsequent acts he is not until after a re-entry. He becomes *pro hac vice* the owner.

In an action of trespass for mesne profits, the plaintiff recovers what may be deemed a reasonable rent, and not the value of what the trespasser raises. The *labor* of the plaintiff had be-

Thomes *v.* Moody.

come incorporated into the hay and wheat, when taken by the defendant, and certainly to this he was not entitled, nor could he appropriate it to his own benefit.

Again, the defendant was not entitled to the crops, because they had been *severed* from the land; it might have been otherwise had they been standing at the time of his re-entry.

MELLEN C. J., at a term holden by adjournment in *August* following, delivered the opinion of the Court.

On the *14th* of *May*, 1832, the defendant, one of the sons of the late *Edmund Moody*, was peaceably occupying and possessing the farm and dwellinghouse thereon standing, of which his father died seised, and on that day, he was, in a forcible and unlawful manner, turned out of possession of the same by the plaintiff, *Samuel Moody*, and some others; and with force and a strong hand, he was kept out of possession until the 28*th* of *February*, 1833, at which time he was restored to, and regained the possession. It is not pretended that the plaintiff has, or ever had any title to the said farm; he was, during the period of his unlawful possession, merely the lessee of *William Thomes*; and he had no other title than under a deed, from the above named *Samuel Moody*, who at the time of making the deed, had neither a title to the farm, nor even possession. The *hay* and *wheat*, for which the present action of trover is brought, grew on the farm, during the tortious and unlawful possession of it by the plaintiff, and the defendant, when he regained possession, found the above property there, and appropriated the same to his own use. Can the plaintiff maintain this action? The act of the plaintiff and his associates, in turning the defendant out of possession, was a *trespass*, for which he could at once have maintained an action of trespass, against all concerned or any of them. But the plaintiff's counsel says, that the above act of dispossession and exclusion, amounted to a *disseisin*. If we so consider the conduct of the plaintiff, will it aid him in this action? It is a well settled principle of law, that if a disseisee, having a right of entry, enters, he may afterwards have trespass against the disseisor, with a *continuando* for the whole time of his possession. *Co. Lit.* 257, *a*; 2 *Roll.* 550; 5 *Comyn Dig. Trespass B.* 2; *Cox* v. *Callen-*

*der,* 9 *Mass.* 533. In the present case, the defendant was re-stored to his possession of the premises, in about nine months after his expulsion; and the *manner* of his restoration did not give him less perfect rights, than he would have acquired by a lawful entry in the usual form; he therefore, on regaining his pos-session, had a legal right to recover damages against the plaintiff, for all injuries done to him by such violence, trespass, and exclu-sion. This being undisputed law, on what ground can this wrong-doer be permitted to recover the fruits of his wrong, against him whom he has wronged, who is also an owner in fee, of the land which produced the hay and wheat in question? This view of the cause, seems to do away the distinction made by the plain-tiff's counsel, between this and the case of *Higginson & al.* v. *York,* 5 *Mass.* 341: as the Court said in the case of *Cox & al.* v. *Callender,* "the entry of the disseisee, when he has a right of entry, changes the *disseisin* into a trespass:" and so, according to *Higginson & al.* v. *York,* the plaintiff, by his wrongful acts, acquired no property in the product of his labor, *as against the owner of the land;* although he might maintain an action of tres-pass or trover against a *stranger,* for the taking or appropriating such property without his consent. The verdict must be set aside and a nonsuit entered.