# OLOF JOHNSON

## *v.*

## JAMES CAMP.

1. HARVESTED CROP—*whether it passes under a foreclosure.* The owner of land executed a mortgage thereon, which was foreclosed in equity, and a sale had thereunder. Pending the suit for foreclosure, the mortgagor leased the lands to a third person, who raised a crop of wheat and oats thereon, which he harvested and put in stacks. After the crop was harvested, and before the time of redemption expired, an agent of the purchaser under the foreclosure was put in possession, under a writ of possession, issued at the instance of the purchaser, and took and carried away the crop, applying it

to his own use or that of his principal: *Held*, that the crop so grown upon the premises, and harvested, did not pass to the purchaser under the mortgage, but belonged to the tenant who raised it.

2. MEASURE OF DAMAGES—*in trespass de bonis asportatis—of punitive damages.* The agent who took and carried away the grain under such circumstances was guilty of a trespass, for which punitive damages might be recovered by the owner, as he should have known that under the law he had no right thereto. Nor is his liability in that regard diminished, because he may have supposed he was entitled to the grain. He should have learned his rights, if he did not know them.

3. In actions of trespass *de bonis asportatis*, the plaintiff is entitled to recover no more than the value of the property, when appropriated, unless the trespass were willfully or maliciously committed, and in such case punitive damages may be awarded. This is a question for the jury.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The facts are fully presented in the opinion.

Messrs. BENNETT & VEEDER, for the plaintiff in error.

Mr. H. BIGELOW, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass for taking and carrying away a quantity of wheat and oats. It appears that the land on which the wheat and oats had been cultivated had been subject to a mortgage, which had been foreclosed and a sale made, and Bishop Hill Colony having become the purchaser, plaintiff in error, as its agent, was put into possession under a writ issued for the purpose. Defendant in error had rented the land of one Baker, and had harvested the grain and placed it in the shock before plaintiff in error was put into possession of the land. He, after being placed in possession, had the grain threshed and hauled away from the premises.

It is insisted, that in actions of trespass to personal property, a plaintiff can not recover more than the value of the property when appropriated by the defendant, unless the trespass was willfully or maliciously committed. This is no doubt true, as a general proposition ; but it at last depends upon the circumstances surrounding the case, in determining whether it was willful or malicious.

From the estimates of persons well acquainted with the grain, from its appearance while growing, and by comparing it with other grain in the neighborhood, the yield of which they knew, there was much more than was sworn to by the witness who threshed it. Those who fixed the number of acres and the quantity per acre, make the amount of oats 715 bushels, and 75 of the wheat, which at the prices fixed when it was threshed and removed, would amount to $470, which would leave seventy dollars for threshing and removing it to market, which was probably what the jury allowed if they acted upon the evidence of the witnesses of defendant in error. On the other hand, if the estimate of the thresher is taken, there were but 535 bushels of oats and 64 bushels of wheat, which at the same price, would amount to but $363. We presume they did not find their verdict on this basis, unless they found damages as smart money.

They could only find punitive damages when there was a willful or malicious trespass, as we have seen. And the question is then presented, whether the evidence would warrant such damages. Plaintiff in error knew that defendant in error had cultivated the grain ; that he had leased the ground from the owner, and that he himself had no title to the premises until he purchased and acquired his deed. He knew that he was not entitled to the land or its possession until after the redemption had expired, and he acquired the master's deed ; and he knew that he could only acquire possession by a writ which the decree directed to be issued ; and he should have known that he only thus acquired the possession of the land and fixtures, but no right to personal property on the land.

Any one would have said that when placed in possession, had he taken the horses, cattle and other personal property of defendant, found on the premises, and converted them to his own use, it would have been a wanton and willful trespass. And wherein consists any distinction ? We are unable to perceive it.

He, without any claim, has appropriated the property of defendant in error, to his own use or to that of his principal. Nor does it matter that he swears he acted in good faith. He should have learned his rights if he did not know them. He seems to have acted recklessly in taking and appropriating this property, and we think the jury were warranted in finding punitive damages.

Nor are we prepared to say, that we should reverse the judgment, even if the jury acted upon the evidence of the witnesses of defendant in error, rather than for the plaintiff in error. Defendant in error, by legitimate evidence, made a *prima facie* case, entitling him to recover, if not overcome by rebutting testimony. If the jury did not credit the witnesses of plaintiff in error, then they were warranted in acting upon the evidence adduced by the defendant in error. His was legitimate evidence of the quantity and value of the property. Not so specific as the evidence for the defense, but still sufficient to warrant the verdict if the jury gave to it more credit than that of the other party. They were the judges of the weight that should be given to the evidence, the credit to be given to witnesses, the facts that it proved; and this court seldom disturbs their finding unless we can clearly see that the evidence does not sustain it. We think this is not such a case. We perceive no error in the instructions, and the judgment of the court below must be affirmed.

*Judgment affirmed.*