SAMUEL LINDSAY *vs.* WINONA & ST. PETER RAILROAD COMPANY.

August 30, 1882.

**Railway—Fire on Right of Way—Adjacent Land-Owner held not Negligent.**—An owner of land near a railroad, whose property on his land is destroyed through negligence of the company in burning dry grass on its right of way, is not guilty of contributory negligence merely by failing to anticipate and provide against the negligence of the company.

**Title to Hay Made by Trespasser.**—A trespasser who cuts grass growing on land is not, as to the owner of the land, the owner of the hay made from the grass, and cannot recover for its destruction by the negligence of such owner.

**Title to Crops Sown and Gathered by Trespasser.**—A trespasser who sows and gathers crops is, after they are gathered, the owner of them, even as against the owner of the land.

Appeal by defendant from an order of the district court for Lyon county, *Cox,* J., presiding, refusing a new trial, after a verdict for plaintiff. The case is stated in the opinion.

*Wilson & Gale,* for appellant.

The court erred in not charging the jury as requested by the defendant. *Karsen* v. *Mil. & St. Paul Ry. Co.,* 29 Minn. 12; *Great Western R. Co.* v. *Haworth,* 39 Ill. 346; *Ill. Cent. R. Co.* v. *McClelland,* 42 Ill. 355; *Murphy* v. *Chicago & N. W. Ry. Co.,* 45 Wis. 222; *Ohio & Miss. Ry. Co.* v. *Shanefelt,* 47 Ill. 497; *Ill. Cent. R. Co.* v. *Frazier,* Id. 505; *Ill. Cent. R. Co.* v. *Nunn,* 51 Ill. 78; *Chicago & N. W. Ry. Co.* v. *Simonson,* 54 Ill. 504; *Kesee* v. *Chicago & N. W. R. Co.,* 30 Iowa, 78; *Kansas Pac. Ry. Co.* v. *Brady,* 17 Kan. 380; *Kansas City, etc., R. Co.* v. *Owen,* 25 Kan. 419; *Coates* v. *Missouri, etc., Ry. Co.,* 61 Mo. 38.

Plaintiff, being a mere trespasser, could not acquire any title to the hay and grain, and was therefore not entitled to a recovery for the destruction of either. *Murphy* v. *Sioux City & Pac. R. Co.,* 55 Iowa, 473; *Lewis* v. *Chic. Mil. & St. Paul Ry. Co.,* 10 N. W. Rep. 336; *Nesbitt* v. *St. Paul Lumber Co.,* 21 Minn. 491; *Freeman* v. *Underwood,* 66 Me. 229.

*Forbes & Seward,* for respondent.

GILFILLAN, C. J.   The action is to recover damages for the destruction of personal property claimed by plaintiff, and situated on land in his possession.   Defendant's servants set fire to dry grass on its right of way, and the fire spread over adjoining land and reached the land on which the personal property was.   Negligence in kindling and guarding the fire is alleged.   There may be some verbal inaccuracies in the charge, but as they are not likely to occur on a second trial we will not notice them.   Defendant requested this instruction : "If you find that the place where the property in question was, was so situated, as to the railroad and prairie, as to be in apparent danger from fire, and that the plaintiff failed to take ordinary precautions to protect the same from fire, and that, by the exercise of reasonable care in this regard, the property in question would not have burned, you must find a verdict for defendant."   The court refused to so charge. As the facts are, the question presented is not as to the duty of a landowner near a railroad in respect to guarding his property against dangers from fire incident to the running of railroad trains, for the fire did not arise from such a cause; but it is as to the duty of a land-owner to anticipate and provide against danger which another owner may cause by setting fire to combustible matter on his own land; to anticipate that he will or may do so negligently, or be negligent in the care of a fire kindled by him.

The duty of an owner, where negligence is already committed and known to him, does not imply a duty to anticipate and provide against such negligence.   We do not see how an owner can be called negligent because he does not foresee that his neighbor will neglect his duty of care, and will thereby cause danger to his property.   In this case there could on the facts be no claim that, after the danger arose from defendant's act, the plaintiff did not use the utmost care to avert it.   He was not guilty of contributory negligence by not foreseeing and providing against the negligence of defendant.   The request was rightly refused.

Part of the property destroyed was hay and part of it wheat and oats; the former cut by plaintiff without any right, but merely by trespass, on land belonging to defendant; the latter sowed and har-

vested by him by trespass, and without any right, on land belonging to the state. The defendant insists that plaintiff is not the owner of either, so as to be entitled to recover. As to the hay, it is clear he was not the owner and could not recover; for all the cases hold that product of the soil which comes by nature or the act of God,—as trees and grass,—when severed by a wrong-doer, still belongs to the owner of the soil. The only difference in the cases is on the question whether, when suing the wrong-doer for converting the thing severed, the owner may recover the value at the time of the conversion, including the value which may have been added by act of the trespasser. This court has held that he may. *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491.

With respect to the wheat and oats there is no more difficulty, for they were not natural products of the soil, but came by the act and industry of the plaintiff. If he had not taken possession of and sowed the land, they would not have existed. Also, it is not the owner of the soil who calls in question plaintiff's title. It was held in *Liford's Case*, 11 Rep. 51, that, upon re-entry by a disseizee, the property in grain sowed and cut by the disseizor revests in the disseizee. The same was held in 1 Dyer, 31*b*, and again 2 Dyer, 173*a*. In *Thomes* v. *Moody*, 11 Me. 139, the disseizee, upon being restored to possession of the land by legal process, converted grain raised and gathered by the disseizor and still on the land, and it was held the disseizor could not recover for the conversion. In such circumstances it was held in *Simpkins* v. *Rogers*, 15 Ill. 397, that the owner could recover for a conversion by the disseizor; and the same was held in *Crotty* v. *Collins*, 13 Ill. 567. On the other hand, it was decided in *Brothers* v. *Hurdle*, 10 Ired. (N. C.) 490, that, though crops attached to the land when the owner is put in possession passed to him, he cannot maintain trover for those gathered by the trespasser while in possession, but that his remedy is damages by way of *mesne profits*. And in *De Mott* v. *Hagerman*, 8 Cow. 220, it was held that the owner could not maintain replevin for crops sowed by him and cut by a trespasser, but that his remedy was in trespass *quare clausum*. It seems to us more consistent with principle and justice, even where the controversy is between the owner and wrong-doer,

and whether the entry by the latter amounts to a disseizin or a mere trespass, that, with respect to crops sowed and gathered by the wrong-doer which are the result wholly of his act, the sole remedy of the owner should be in damages done to, and for withholding possession of, the land, and that the right to follow the thing severed should be confined to those things which were upon the land at the time of the wrongful entry, or which would have existed without the act of the trespasser. The plaintiff was therefore the owner of the wheat and oats.

Order reversed, and new trial ordered.