AULTMAN & TAYLOR COMPANY v. RODERICK O'DOWD and Another.

June 16, 1898.

Nos. 11,039—(61).

**Foreclosure of Mortgage—Tenant Entitled to Crop Sown during Period for Redemption.**

In 1889, G. owned a farm, which he mortgaged to B., who assigned the mortgage to R.; and the latter duly foreclosed the same, and purchased the premises at the foreclosure sale July 9, 1894, and took the sheriff's certificate of sale, which he assigned to A. & T. Co., a corporation. There was no redemption, and the corporation became the owner of the premises July 9, 1895. On September 30, 1893, G. leased the premises to N. for the farming season of 1894 and 1895; the lease ending September 1, 1895. From seed grain sown on the land of the lessee in the spring of 1895, the crop matured, was harvested, threshed and removed from the premises by the lessee July 15, 1895; he having been in the continuous possession of the premises during said time. *Held* that, as against said corporation, G. or his lessee was the owner of said grain.

**Motion for Judgment notwithstanding Verdict—Findings by Judge Who did not Preside at Trial.**

Where one judge presided at the trial of an action, another judge had no authority, on motion for judgment notwithstanding the verdict, to make findings of fact upon evidence not heard by him.

**Replevin—Facts Provable under General Denial.**

In an action of replevin, where the answer is a general denial, and the defendant does not claim a return of the property, he may prove any facts. which tend to show that the plaintiff is not entitled to the possession of the property.

**Same—Demand for Return of Property—Answer—Amendment.**

A demand in the answer for a return of the property taken from the possession of the defendant by proceedings in replevin does not raise an issue of fact, and hence an amendment permitting such demand to be inserted in the answer would not raise any new issue, or involve the pleading of any new facts. Such amendment may be allowed after trial, or after judgment, or even after appeal to this court.

Appeal by plaintiff from a judgment of the district court for Renville county, in favor of defendants, entered in pursuance of the order of Powers, J., after a trial before Webber, J., and a jury. The

terms of the order are given in the opinion. Affirmed as to defendant O'Dowd, and conditionally reversed as to defendant Nelson.

*Charles G. Laybourn,* for appellant.

A purchaser of mortgaged premises under foreclosure is entitled to the crops sown and growing on the land at the time his title accrues. Simers v. Saltus, 3 Denio, 214; Howell v. Schenck, 24 N. J. L. 89; Allen v. Elderkin, 62 Wis. 627; Beckman v. Sikes, 35 Kan. 120; Scriven v. Moote, 36 Mich. 64; Parker v. Storts, 15 Oh. St. 351; Smith v. Hague, 25 Kan. 246; Doe v. Mace, 7 Blackf. 2; Jones v. Thomas, 8 Blackf. 428; Shepard v. Philbrick, 2 Denio, 174. The tenant has no one to blame but himself when he sows a crop which cannot mature before he can harvest it. Floyd v. Ricks, 14 Ark. 286. When one mortgages his land and subsequently leases it, the lessee is not entitled to growing crops as against a purchaser at foreclosure sale. Lane v. King, 8 Wend. 584; Sallade v. James, 6 Pa. St. 144; Downard v. Groff, 40 Iowa, 597; Shepard v. Philbrick, supra; Howell v. Schenck, supra; Rankin v. Kinsey, 7 Ill. App. 215.

*R. T. Daly,* for respondents.

BUCK, J.

This action was brought to recover a crop of oats and wheat grown on 80 acres of land in Renville county during the year 1895. Before the action was commenced, the defendant Nelson had sown, grown, harvested and threshed this grain, and removed two-thirds of the same to a granary on his own land. Prior to sowing and raising this grain, the land was owned by one William Grady, who gave a mortgage thereon to Albert Brown, dated December 6, 1889, who assigned it to A. V. Reynolds June 10, 1891; and, there being a default in the payment of the sum thereby secured, Reynolds foreclosed the mortgage, and at the foreclosure sale, on July 9, 1894, purchased the same, and took the sheriff's certificate of such sale in her own name, which subsequently and on February 11, 1895, she assigned to plaintiff, the Aultman & Taylor Company, a corporation located in the state of Ohio.

While Grady owned the land, and on September 30, 1893, by an instrument in writing, he leased the premises to Nelson for the

farming seasons of 1894 and 1895; commencing September 30, 1893, and ending September 1, 1895. By the terms of the lease, Grady was to have one-third of the crop raised, and Nelson the other two-thirds. In the absence of Grady, O'Dowd acted as his agent, and, after the grain was threshed, took one-third of the crop off the premises, and had this amount in his possession, by consent of Nelson, at the time when this action was commenced. From the confused state of the record, it is difficult to determine the number of bushels of wheat or oats, or their value, but it sufficiently appears that there were several hundred bushels of each kind of grain. Just why a joint action was brought against the parties does not appear.

The time for redemption under the foreclosure sale expired July 9, 1895; and the crops, which long previous to that time had been sown by Nelson under his lease with Grady, were harvested about July 15, 1895, and removed from the premises before this action was commenced. The question then is for the first time squarely presented in this court, as to who has the superior right to the crops sown by a tenant before the expiration of the time for redemption, —the purchaser at the foreclosure sale, or the lessee who remains in possession of the premises after such sale and who cares for the crops, harvests them, and carries them off the premises before the owner of the land takes possession thereof.

We are fully aware of the decisions in several other courts holding that where the owner of land mortgages it, and subsequently leases it, the lessee is not entitled to growing crops, as against the purchaser at the foreclosure sale, where the time for redemption expires before the maturity of the crops. These decisions are based upon the general rule of the common law that the crops are part and parcel of the realty, and belong to the owner of the land. In the case at bar there had been no entry upon the premises by the owner, or the purchaser at the mortgage foreclosure sale. That the crop was sown and raised after the foreclosure sale, and the foreclosure papers duly recorded, and Nelson apprised thereof and notified before the sowing of the crops of 1895 that the plaintiff, in case the title should ripen in it under the foreclosure, would claim the crop, does not aid it, because it tends to place Nelson in the

light of a wrongdoer, and as holding the premises wrongfully after the expiration of the period of redemption. In the case of Woodcock v. Carlson, 41 Minn. 542, 43 N. W. 479, it was said, at page 546, that

"It is the settled rule in this state that, with respect to crops which are the result wholly of the labor of the disseisor and which he has severed and removed from the premises while still in possession, the title is in him, and that the sole remedy of the owner of the land is his action for mesne profits. Lindsay v. Winona & St. Peter R. Co., 29 Minn. 411, 13 N. W. 191."

It is difficult to see why, on principle, a more severe rule should be applied to a mortgagor, or his grantee or lessee, who holds over after the expiration of the redemption period, than is applied to a disseisor, whose entry was a wilful trespass. If Nelson was not, in the strict definition of the term, a disseisor or trespasser, he was at least a wrongdoer, in holding over after the period for redemption had expired; and plaintiff then had his remedy to oust him by an action of ejectment. But if Nelson continued in possession of the premises, and during such time the crops had matured, been harvested, and removed from the premises by him, plaintiff would not have been entitled to the crops, or their value, but would be entitled to the rental value of the premises, for defendants' withholding them. The same rule would apply if plaintiff had proceeded by an action of forcible detainer, under G. S. 1894, § 6118, which provides for such action against any person who holds over on the foreclosure of a mortgage by advertisement, and after the expiration of the time for redemption, although damages for withholding the premises might not be recovered in this form of action. Each action, in such case, would proceed upon the theory that the defendant was wrongfully withholding the premises, but his rights would be at least equal to those of a wilful trespasser; and, if the latter sows and gathers crops, he is the owner of them, even as against the owner of the land. Lindsay v. Winona & St. Peter R. Co., supra.

The fact that the owner of the premises may recover the rents and profits of the land for its being withheld, precludes the idea of his right to recover the crops. It is the value and use of the land which the owner recovers, and not the fruits of the land. A con-

trary rule would give the owner the value of the use of the land, and the value of the labor of the farmer in producing the crop, for the crop contains the value of both. In this case, not only did Nelson sow and care for the crop before plaintiff became the owner of the land, but he continued in possession of the same thereafter, and was permitted to harvest and thresh it, and remove the same to his own granary. It would be an oppressive rule to permit the plaintiff to remain inactive while all this was going on, and Nelson adding thereby to the gross value of the crop he had raised in the course of months of husbandry, and then deprive him of the entire property. We sanction no such rule.

Several questions have also been raised as to the proceedings during and subsequent to the trial. When the parties rested, plaintiff asked the court to direct a verdict in its favor, and the defendant Nelson asked the court to direct the jury to compute the value of the amount of grain taken from him, and direct the jury to bring in a verdict in his favor for the return of the same, or the amount thereof in case a return could not be had. The same motion was made as to defendant O'Dowd. The motions as to both defendants were denied, as was one on the part of defendants to dismiss the action; and the court then directed the jury to return a verdict in favor of plaintiff, and prescribed the form of the verdict, as follows:

" 'We, the jury in the above-entitled action, find that the plaintiff is the owner of the property described in the complaint, and entitled to the possession thereof, and the value of the property is the sum of —— dollars.' Compute the sum, including the wheat and oats taken from both of the defendants."

The jury disregarded the instructions and direction of the court, and returned the following verdict, viz.:

"We, the jury in the above-entitled action, find the plaintiff the 1-3 part is the owner of the property described in the complaint, and entitled to the possession thereof, and the value of the property is the sum of $96 for the 1-3 part taken from Roderick O'Dowd, and that the 2-3 of the grain taken from Olof Nelson be returned to Olof Nelson, or the value thereof.

Dated at Beaver Falls this 28th day of October, A. D. 1896.

[Signed]   J. A. Bergeley, Foreman."

Before this verdict reached the court, the jury had been discharged; and plaintiff's counsel were therefore unable to have it recommitted, as they moved to do. Thereupon they moved for an order setting aside the verdict, and for entry of a judgment in favor of the plaintiff for the full amount claimed. At the suggestion of the court a settled case was made, and thereafter the defendants moved the court for judgment in their favor notwithstanding the verdict. This motion was made upon eight grounds, which we need not here insert. Judge Webber presided at the trial of the action, and the case was settled before him; but the motion for judgment in favor of defendants notwithstanding the verdict was heard before Judge Powers, who made an order setting aside the verdict, and ordered judgment in favor of the defendants,—that Nelson was the owner and entitled to the immediate possession of the grain taken from him by the plaintiff, viz. 298 bushels and 20 pounds of wheat, and 314 bushels of oats,—and ordered plaintiff to return the amount thereof immediately, or, if a return could not be had, that Nelson recover the value thereof, viz. the sum of $143.20, and interest from September 30, 1895; and that the defendant O'Dowd was entitled to the immediate possession of the grain taken from him, viz. 158 bushels and 20 pounds of wheat, and 156 bushels of oats, and to the immediate return and delivery to him by the plaintiff of all of said grain, or to recover the value thereof, viz. $76, in case a return of said grain could not be had. Judgment was entered accordingly, and the appeal is from the judgment.

Thus Judge Powers, who made the order for judgment in favor of the defendants, disregarded the verdict of the jury, and found the amount and value of the grain, although he did not try the case, and hence did not hear the evidence, or see the witnesses. Although the case was one for trial by a jury, and so tried, its functions were entirely disregarded, without consent of the parties. We think that this proceeding was erroneous, and that Judge Powers was without power or authority to so try the issues of fact, and make findings thereon. And the direction of Judge Webber to the jury to return a verdict for the plaintiff proceeded upon an erroneous theory of the law applicable to the case. And the verdict of the jury, taken as a whole, was equally unwarranted, and was

justified neither by the facts, nor the law applicable to the case. The plaintiff failed to show that it was the owner and entitled to the O'Dowd grain. The evidence showed conclusively that O'Dowd and Nelson stood upon precisely the same ground, legally, as to their respective rights in the grain. If one was entitled to a verdict, so was the other.

At the time of the trial the plaintiff was in possession of all the grain. Although the answer was a general denial, and the defendants did not claim a return of the property, yet, under such general denial, the defendant may prove any facts which tend to show that the plaintiff is not entitled to the possession of the property,—as, for example, that the right of possession is in the defendant himself or in a third party. But a demand in the answer for a return of the property is only necessary to entitle the defendant to a judgment for a return where the case is disposed of without a trial on the merits,—as, for instance, where the plaintiff fails to appear at the trial. But, when the case is heard on the merits, G. S. 1894, § 5413, applies; and a party may have any relief consistent with the case made by the complaint, and embraced within the issues. A demand in the answer for a return of the property taken from the possession of the defendant by proceedings in the action does not raise any new issues, or involve the pleading of any new facts. While the defendant is not entitled to a return unless he demands it, yet the answer may be amended after trial, or after judgment, and even after appeal to this court. Such amendment is more a matter of form than of substance, and, when the plaintiff has obtained possession, such demand in the answer would form the basis upon which a proper judgment might be entered. See Cobbey, Repl. § 782.

Our conclusion is that the judgment as to the defendant Roderick O'Dowd should be affirmed, but that as to Olof Nelson it should be reversed, and a new trial granted, unless he shall consent to a modification of the judgment so that it will be for a return of the property, and not in the alternative. So ordered.