# J. O. HENDRICKS, Appellant, v. C. D. STEWART, Respondent.

## (206 N. W. 790.)

**Mortgages — lessee leasing premises of redemptioner with knowledge of previous foreclosure sale acquires no greater right or interest in premises than lessor.**

1. In an action to determine adverse claims, where the defendant set up ownership of crops sowed under an oral lease with a mortgagor, which was entered into after the mortgage foreclosure sale and during the period of redemption, and which were not matured at the time of the issuance of a sheriff's deed to the plaintiff, it is *held:*

A lessee leasing premises of a redemptioner, with knowledge of a previous foreclosure sale, acquires no greater right or interest in the premises than his lessor.

**Mortgages — lessee who sowed crops which did not mature till after issuance of sheriff's deed to purchaser was not owner of such crops as against holder of deed.**

2. Where a lessee during the period of redemption, in reliance upon the promise of the mortgagor to redeem from a sale previously had, sows crops which do not mature until after the issuance of a sheriff's deed to the purchaser, he is not an owner of the crops, as against the holder of the deed.

Opinion filed November 27, 1925. Rehearing denied January 4, 1926.

Mortgages, 27 Cyc. p. 1730 n. 98; p. 1738 n. 59.

Appeal from the District Court of McLean County, *Jansonius,* J. Reversed and remanded.

*Newton, Dullam & Young,* for appellant.

"A mortgagor is not entitled to emblements as tenants at will are. A mortgagee may evict the mortgagor without notice and retain the emblements and if a lease be granted subsequently to the mortgage without his concurrence, he may evict the lessee without notice and retain the emblements." Downard v. Groff, 40 Iowa, 597.

"The mortgagor until foreclosure or possession taken by the mortgagee is entitled to emblements, and when they are severed has an absolute right to them without any liability to account for them. But if the land be sold for a condition broken before severance the pur-

chaser will be entitled to the growing crops not only against the mortgagor, but against all persons claiming in any manner through or under him subsequent to the recording of the mortgage." Rankin v. Kinsey, 7 Ill. App. 215.

"Equity follows the law so far as the law does in securing the rights of the parties, and no further. When the law stops short of securing this object equity continues the remedy until complete justice is done." 21 C. J. 1195, § 184.

*Langer & Nuchols,* for respondent.

"Annual crops growing on the land do not pass to the purchaser at judicial sale; and for the purpose of saving the debtor's rights thereto, these annual crops will be regarded as personalty." Lindley v. Kelly, 42 Ind. 294; Cassily v. Rhodes, 12 Ohio, 88; Foss v. Marr, 40 Neb. 559, 59 N. W. 122; Hecht v. Dettman, 56 Iowa, 679, 10 N. W. 241; Aldrich v. Bank of Ohiowa, 64 Neb. 276, 57 L.R.A. 920, 97 Am. St. Rep. 643, 89 N. W. 772.

"Under the statute in this state a mortgage conveys no estate in the land, of any degree or quality. It is a mere lien, given as security, and is of such a nature that it confers no right of possession, either before or after default." McClory v. Ricks, 11 N. D. 42.

BIRDZELL, J. The plaintiff and appellant acquired title to certain land by sheriff's deed on April 25, 1925. Through the foreclosure of a mortgage owned by the plaintiff the property had been sold at foreclosure sale and bid in by him on April 21, 1924. In the fall of 1924 the defendant, with knowledge of the foreclosure but expecting that the mortgagor would redeem, entered into an oral lease with the mortgagor and redemptioner for plowing and cropping the land. He sowed thereon some winter rye and prepared some of the land for seeding wheat in the spring. Three weeks before the expiration of the period of redemption in the spring of 1925, the defendant sowed wheat on the remainder of the cultivated land. The land was not redeemed from the foreclosure sale and the plaintiff acquired it by sheriff's deed on April 25, 1925. Soon thereafter the plaintiff began the present action to determine adverse claims. The defendant answered, setting up the oral lease referred to above and claiming that thereunder and in accordance with a prevailing custom in the vicinity in which the

land was situated, he was obligated to deliver to the owner of the land one fourth of all the rye and wheat so raised, and this share he would deliver to the plaintiff. He further claimed the right to go upon the land and harvest and thresh the crop so planted by him and the right to remove three fourths thereof as his own upon the delivery of one fourth to the owner at an elevator in the town nearest to the land. Judgment was entered quieting title in the plaintiff subject only to the rights of the defendant to receive three fourths of the crop planted and to enter upon the land for the purpose of harvesting, threshing and removing the crop.

There are findings to the effect that the defendant knew of the foreclosure, but that he had reason to believe and did believe that the land would be redeemed from the sale; that he acted in good faith in seeding the crops of rye and wheat; that prior to the seeding of the wheat the defendant was informed by the plaintiff that he intended to crop the land in the year 1925 if no redemption were made; but this information was received by the defendant after the land had been plowed for the wheat crop. The evidence is not before us. The appeal is on the judgment roll.

The appellant contends that, as holder of the sheriff's certificate, ripening into a deed the following year, he became entitled upon receiving the deed to the immediate possession of the land with all the crops growing thereon at the expiration of the redemption period; that his right to such crop was absolute and that the defendant had no equity or right whatsoever in the crop he had planted during the year for redemption in the circumstances found by the trial court.

The right of the tenant, the defendant in the instant case, can not be greater than the right of the mortgagor. This would seem to be axiomatic. The right claimed depends upon possession and use, and, hence, can rise no higher than its source. It is well settled by the authorities that the lien of a mortgage extends to all crops growing upon the land at the time of the sale and that, consequently, when the sale is had the right to the crops passes to the purchaser. 2 Jones, Mortg. § 780 and authorities cited; Downard v. Groff, 40 Iowa, 597; Reed v. Swan, 133 Mo. 100, 34 S. W. 483; Walton v. Fudge, 63 Mo. App. 52.

In the case of matured crops or severed crops, it is held that they

·may be regarded as personalty, and the right of a debtor or mortgagor, while in rightful possession, to dispose of them in their matured or severed condition, is quite generally recognized. Johnson v. Camp, 51 Ill. 219; Everingham v. Braden, 58 Iowa, 133, 12 N. W. 142; Hecht v. Dettman, 56 Iowa, 679, 41 Am. Rep. 131, 7 N. W. 495, 10 N. W. 241; Richards v. Knight, 78 Iowa, 69, 4 L.R.A. 453, 42 N. W. 584; First Nat. Bank v. Beegle, 52 Kan. 709, 39 Am. St. Rep. 365, 35 Pac. 814; Porche v. Bodin, 28 La. Ann. 761. Similarly, where land is ap-·praised for the purpose of the sale, independent· of the crops, they may not pass to the purchaser. Foss v. Marr, 40 Neb. 559, 59 N. W. 122; ·Cassilly v. Rhodes, 12 Ohio, 88; Houts v. Showalter, 10 Ohio St. 125. Or, possibly, where a growing crop may have been treated as personalty before the sale. Aldrich v. Bank of Ohiowa, 64 Neb. 276, 57 L.R.A. 920, 97 Am. St. Rep. 643, 89 N. W. 772. Or, where a tenant at will or for years may have planted annual crops and his estate been terminated upon the happening of a contingency not dependent upon a voluntary act of the mortgagor. Bittinger v. Baker, 29 Pa. 66, 70 Am. Dec. 154.

In applying the foregoing principles, no distinction can be drawn based upon the fact that in this state a mortgagor or debtor is entitled to the possession, rents, use and benefit of the property sold until the expiration of the period of redemption (Comp. Laws 1913, § 7762, as amended by Sess. Laws 1919, chap. 132), as the statute clearly contemplates that the real property, whatever its condition, upon the expiration of the period of redemption shall pass to the purchaser. The ·statute merely postpones the passing of the title and makes the sale somewhat analogous to a contract to pass title a year hence, if certain indebtedness be not paid before.

In the case of Heavilon v. Farmers Bank, 81 Ind. 249, the supreme court of Indiana goes as far in the direction of sustaining the respondent's contentions in this case as has any authority that has come to our attention. It appears that in Indiana the debtor or mortgagor was likewise entitled to the possession for a period of one year after the sale, yet in the opinion it was said (p. 254):

"After a sale has been made, or perhaps advertised, it would seem that, as against the purchaser, the tenant who would sow must do so at his peril."

We are aware of no authority, and none has been cited, holding that crops planted after sale and dependent for sustenance upon their continued attachment to the soil, may be harvested by a debtor or his tenant after title has passed and the right to possession has ceased, owing to the failure of the mortgagor to redeem.

In the instant case it stands admitted in the findings that the defendant chose to sow when he knew that ere his crop could mature he might be lawfully dispossessed of the premises, because of the failure of the one from whom he obtained the right to sow to redeem; and that, if lawfully dispossessed, his successor in possession would immediately have all the rights of an owner. Hence, in effect, he purchased a contingent interest in the crop or an interest dependent for its realization upon the performance of a promise of the mortgagor. His loss is therefore attributable to the failure of the mortgagor to keep his promise. Under principles that seem to be quite generally adhered to, he has no right in the premises that in any way qualifies the ownership of the plaintiff.

It follows that the judgment appealed from is erroneous. It is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.

## On petition for rehearing.

BIRDZELL, J. In a petition for rehearing, counsel for respondent lay special emphasis on the principles of law as enunciated in the case of Aldrich v. Bank of Ohiowa, 64 Neb. 276, 57 L.R.A. 920, 97 Am. St. Rep. 643, 89 N. W. 772, and contend that they are applicable under the facts in the instant case and support the judgment of the lower court in their favor. It is urged that a careful analysis of the Aldrich Case will disclose that the court regarded crops growing upon the land at the time of judicial sale as having the status of personalty and, hence, as not passing to the purchaser at the time of the sale. We do not question the correctness of counsel's deductions from the Aldrich Case. We, however, do not regard the rule of that case as

applicable in this jurisdiction for the reasons stated in the original opinion herein and which are clearly recognized by the Nebraska supreme court, the authority relied upon by counsel. That court, in our opinion, has made very clear the reason underlying its classification of growing crops as personalty, in considering the effect of a judicial sale of land, and it has likewise clearly suggested the distinction between the rule there adopted and the rule that must prevail in jurisdictions where the sale is complete at the time of the planting of a crop which is immature at the expiration of the redemption period. In the case of Foss v. Marr, 40 Neb. 559, 59 N. W. 122, the first Nebraska case applying the rule for which counsel contend, that court took occasion to distinguish its holding from that of the Iowa court in Downard v. Groff, 40 Iowa, 597 (previously cited in the original opinion herein), see 40 Neb. page 568.

"In the state of Iowa the law provides for a definite period of time between the sale of land in foreclosure proceedings and the time of the issuance of the deed, which is called a time of redemption. In this state we have no such statute and no such time of redemption. In Iowa the party occupying the land has positive and definite information of the date when his occupancy will terminate and must cease, and hence has less warrant or excuse for sowing or planting a crop, which to mature and harvest may require until beyond such date, than does a person occupying a farm in this state, upon which foreclosure proceedings have been commenced, where the termination of the occupancy cannot be ascertained or calculated, or even approximated, with any reasonable degree of certainty."

Similarly. In Monday v. O'Neil, 44 Neb. 724, 48 Am. St. Rep. 760, 63 N. W. 32, the Nebraska court, again referring to the Iowa decision, said (page 726):

"Downard v. Groff, supra, followed the general current of authority and recognized that Cassilly v. Rhodes, 12 Ohio, 88, was opposed to the conclusion reached, stating truly that Cassilly v. Rhodes was based upon a construction of the Ohio appraisement law. Foss v. Marr was based upon the doctrine of Cassilly v. Rhodes, our appraisement law being similar to that of Ohio, and the reasons given by the Ohio court for departing from the general rule, because of the effect of the appraisement law, being deemed sound and applicable to this state.

. . . The reason of the decision [the Ohio decision upon which the Nebraska court relied for authority] was that the value of the annual crops is not included in the appraisement made prior to the sale, and that the debtor's rights therein can be saved only by regarding such crops as personalty requiring a separate levy."

Again, in the same case, the Nebraska court points out that under their system of appraisement and sale followed by confirmation, all of which is necessary to complete the title of the purchaser, the time of completion of the sale remains indefinite until confirmation, and it is largely because of this fact that the rights of the mortgagor planting a crop before the completion of the sale are protected. And it is this fact which distinguishes the Nebraska situation from that obtaining in this state where the termination of the mortgagor's rights is fixed at the date of the sale by the expiration of a definite redemption period. The Nebraska court, referring to this matter, said, in Monday v. O'Neil page 728 of 44 Neb.: "O'Neil [mortgagor] knew, of course, that a sale might be made and confirmed before his crop would mature, but he could not know that such would be the case. We do not think that he was obliged to abandon the land, or permit it to lie uncultivated, merely because there was a possibility or a probability that his estate would be determined before the crop would mature." And, continuing, quoted from the Ohio case recognizing a similar principle, Houts v. Showalter, 10 Ohio St. 125, as follows:

"Under our system, frequent advertisements and offers of sale, and, occasionally, revaluations, are necessary, before a sale can be effected. When an appraisement is made, it cannot be foreseen when a sale will be effected. It is not for the interest of any party, nor for the public interest, that the land should thenceforth lie waste. Then there may have been no crop sown or planted, but, when the sale comes to be made, there may be growing crops put into the ground in the meantime."

We think it clearly appears from both the Nebraska and Ohio decisions, which announce the rule relied upon by the respondent, not only that the rule is not applicable where crops are planted or sown with no prospect of maturity before the expiration of a definitely fixed redemption period, but that those courts specifically recognize the doctrine to be inapplicable in such a situation. We think, furthermore, that the underlying reasons, so clearly stated by those courts; the

system of appraisement of land exclusive of crops and confirmation of judicial sales at a time which can not be definitely known in advance, can have no application under our law, which provides for the sale of the land and fixes a definite period of redemption within which period the mortgagor may know definitely whether he can reasonably hope to mature a crop.

The petition for rehearing is denied.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.