A. TANOUS, J. Tanous and D. Tanous, Copartners under the Firm Name and Style of Tanous Brothers, Appellants, v. J. F. TRACY, Respondent.

(212 N. W. 521.)

**Mortgages — when title vests in mortgagee.**

    1. Under § 8106, Comp. Laws 1913, all the right, title and interests of the mortgagor to land sold on foreclosure of a mortgage vests in the mortgagee im-

Annotation.—As to right of mortgagor or mortgagee to crops growing on land at time of foreclosure sale, see annotation in L.R.A.1917C, 49; 8 R. C. L. 361; 2 R. C. L. Supp. 601; 5 R. C. L. Supp. 466.

On judicial sale of realty as affecting debtor's share of crops grown by tenant or cropper, see annotation in 13 A.L.R. 1425.

mediately on the execution of the statutory deed, at the expiration of the period of redemption.

**Mortgages — when title to growing crops vests in mortgagee.**

2. Growing crops are a part of the realty, and as between mortgagor and mortgagee the title to growing crops vest in the mortgagee at the expiration of the period of redemption from foreclosure sale.

Opinion filed February 14, 1927.

Crops, 17 C. J. § 6 p. 381 n. 31.   Mortgages, 27 Cyc. p. 1729 n. 89; p. 1745 n. 30.

Appeal from the District Court of Adams County, *Lembke, J.*
Affirmed.

*Paul W. Boehm* and *Morrison & Skaug,* for appellants.

Under express provisions of law a mortgagor is entitled to possession, rents and use and benefit of property sold from the date of such sale until the expiration of the period of redemption. Farm Mortg. Loan Co. v. Pettet, 51 N. D. 491, 200 N. W. 497.

"It is the settled rule in this state that with respect to crops which are wholly the result of the labor of the disseisor, and which he has severed from the premises while still in possession, the title is in him, and the sole remedy of the owner of the land is his action for mesne profits." Woodcock v. Carlsen, 41 Minn. 542, 43 N. W. 479.

*F. M. Jackson* and *J. K. Murray,* for respondent.

"Where a lessee, during the period of redemption, in reliance upon the promise of the mortgagor to redeem from a sale previously had, sows crops which do not mature until after the issuance of the sheriff's deed to the purchaser, he is not an owner of the crops, as against the holder of the deed." Hendricks v. Stewart, 53 N. D. 513, 206 N. W. 790.

BURKE, J. This is an action to recover for the alleged conversion of grain raised on section 27, township 131, range 96, in the county of Adams, North Dakota, alleged to be of the value of $2,642.28.

On the 15th day of December, 1920, M. O'Neil, the owner of the land, executed and delivered to C. A. Cosgrove a mortgage to secure the sum of $6,400. The said land was sold at foreclosure sale on the 9th day of May, 1923, and certificate of sale duly issued to C. A. Cos-

grove the mortgagee and the purchaser at said sale, and on the 26th of January, 1924, C. A. Cosgrove sold and assigned the said certificate of sale to the defendant J. F. Tracy. On February 27th, 1924, O'Neil rented the west half of said section, and fifty acres on the east half to S. F. Larson who was to furnish seed oats and flax and deliver one fourth of the crop at the elevator, and O'Neil to furnish seed wheat for all the land sown to wheat, pay one half the thresh bill and twine and receive one half the crop of wheat as rent. The balance of the land was rented to George Ehlers for one fourth of the crop.

On the 23d day of September, 1924, O'Neil gave a bill of sale of all of his right, title, and interest in the crops to the plaintiffs, and they contend that they are entitled to recover under the contracts between O'Neil and Larson, and O'Neil and Ehlers.

The defendant justifies his taking of the grain under a sheriff's deed, issued to him on his certificate of sale on the 11th day of July, 1924, when all the crop was then growing on the land and immature. The defendant saw the tenants, Larson and Ehlers, in March, 1924, and told them that he had the certificate of sale, and if there was no redemption before May 10, 1924, he would claim the landlord's share of the crop, as the owner of the land.

The tenants put in and raised the crop with the consent of both mortgagor and mortgagee, each claiming the landlord's share which amounted to $2,642, and the only question in the case, is, who is entitled to the landlord's share of the crop? The period of redemption expired on the 9th day of May, 1924, and sheriff's deed was issued on the 11th day of July, 1924. It is conceded that at the time of the issuing of the deed, the crop was growing on the land, and was immature. After the crop was out the plaintiff served notice of claim upon the tenants and sent a truck out at the time of threshing to haul in the landlord's share. The defendant was there also, claiming the landlord's share of the crop, and gave to tenant Ehlers a written statement by which he agreed to protect him against loss, if he turned over the landlord's share to the defendant. The tenants refused all demands of the plaintiff and turned the landlord's share of the crop over to the defendant. The case was tried to a jury and verdict returned for the defendant, and plaintiff appeals.

It is the contention of the plaintiff, that under the decision of this

court in the case of Hendricks v. Stewart, 53 N. D. 513, 206 N. W. 790, it was necessary for the defendant to take actual possession of the land after the deed was issued, and before the maturity of the crop, in order to entitle him to the landlord's share. In the case of Hendricks v. Stewart, supra, the landlord's share was not involved. That was an action brought against the tenants against whom the mortgagee on acquiring title immediately proceeded to recover and protect his rights.

There is no question of the rights of tenants in the case at bar. The question here, is, who is entitled to the landlord's share? And that depends upon the statute, defining the effect of a deed which completes the foreclosure sale. Section 8106, Comp. Laws 1913, provides that:

"Such deed shall vest in the grantee all the right, title and interest of the mortgagor in and to the property sold at the time the mortgage was executed, or which was subsequently acquired by him."

Not only interest that the mortgagor had at the time of the execution of the mortgage, but any interest which he might acquire subsequent to the execution of the mortgage, and before the execution of the deed. It divests the mortgagor of every and all interest, in the land, including all the crops growing upon the land. It is well settled that growing crops are a part of the real estate. Hendricks v. Stewart, supra; 17 C. J. 381, § 6; Clark v. Strohbeen, 190 Iowa, 989, 13 A.L.R. 1419, 181 N. W. 430; John Hancock Mut. L. Ins. Co. v. Watson, 200 Ill. App. 315.

In the instant case the mortgagor knew that the period of redemption would expire on the 9th day of May, 1924. Before any crop was sown he knew that the defendant was the owner of the certificate of sale. He did not redeem nor attempt to redeem, and by operation of law the defendant became the owner of all of the mortgagor's interest in the land, including the landlord's share of the crop immediately upon the execution of the statutory deed.

There are some other questions arising over the admission of evidence, and requests for certain instructions which are without merit, for the reason, that under the conceded facts the defendant is entitled to judgment, and it is ordered that the judgment be affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.