H. M. ZEIGLER, Appellant, v. ALBERT BLECHA, as Sheriff of Dunn County, North Dakota, Respondent.

(229 N. W. 365.)

Opinion filed February 18, 1930.

*F. E. McCurdy,* for appellant.

*S. P. Rigler,* for respondent.

CHRISTIANSON, J. The plaintiff, as alleged owner of certain wheat, seeks to recover damages for the conversion thereof. The case was tried to a jury; but at the conclusion of all the evidence both parties moved for a directed verdict. The jury was thereupon discharged and the trial court made findings of fact and conclusions of law, and ordered judgment to be entered, in favor of the defendant. Judgment was entered accordingly and the plaintiff appeals.

The appeal presents only questions of law. The material and undisputed facts are substantially as follows: On February 16, 1920, Jensine Wendahl and her husband, Conrad, were the owners of a quarter section of land in Dunn county in this state. On that day they executed a mortgage to the First Loan & Securities Company to secure the payment of a note for $2500.00. The mortgage was duly recorded, and was assigned by the mortgagee to the plaintiff Zeigler. Default having occurred in the conditions of the mortgage, it was foreclosed; and on July 6th, 1927, Zeigler purchased the premises at foreclosure sale. No redemption was made and on August 1, 1928 a sheriff's deed was executed and delivered to the plaintiff Zeigler pursuant to the foreclosure. The Wendahls remained in possession of the premises during the period of redemption. In the spring of 1928 they planted and in the fall of that year they harvested and threshed a crop of wheat. The grain was harvested and threshed after the sheriff's deed had been executed and delivered to Zeigler; but Wendahl's possession was never interfered with. It is undisputed that Wendahl remained in uninterrupted possession of the premises until after the grain had been harvested, threshed and removed from the premises. On September 12th, 1928, while the grain was being threshed, the defendant sheriff made a levy upon the grain as the property of Wendahl, under an execution issued upon a judgment against him. Some six days after the levy the plaintiff served upon the sheriff a third party claim wherein he asserted that the wheat levied upon was his property and not the property of Wendahl. The only question for determination is whether in the circumstances stated the plaintiff was the owner of the grain. The trial court held that such ownership had not been established; that the grain

belonged to Wendahl, and, hence, was subject to levy as his property. In our opinion the trial court was correct in so holding. The ownership of realty carries with it as an incident thereto the presumption of the ownership, not only of the natural products of the land, but also of the annually sown crops. And where the owner of land sells it with a right of immediate possession in the purchaser and without any reservation of the emblements, or annually sown crops, the purchaser is entitled to hold and claim the crops as his own property as against his vendor. The same result follows where a person obtains title through a sheriff's deed issued upon execution or foreclosure sale. Such deed passes to the purchaser the legal title to the land; and the annual crops then growing thereon pass with the land to the grantee in such deed. Hendricks v. Stewart, 53 N. D. 513, 206 N. W. 790; Tanous v. Tracy, 55 N. D. 100, 212 N. W. 521. But it is an equally well settled rule, of practically universal recognition, that "one who sows, cultivates, and harvests a crop upon the land of another is entitled to the crop as against the owner of the land, whether he came to the possession of the land lawfully or not, provided he remains in possession of the land till the crop is harvested." 17 C. J. p. 381; Roncy v. H. S. Halversen Co. 29 N. D. 13, 20, 149 N. W. 688; Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 694. And where the grantee in a sheriff's deed permits a person then in occupancy of the land to continue in uninterrupted possession thereof, and, while in such possession, to sever and thresh crops which he had previously planted, then such crops become the property of the occupant, and the owner of the land under the sheriff's deed is not the owner of such crops. This precise question has been determined by our sister states, Minnesota, South Dakota and Montana in the following cases: Aultman & T. Co. v. O'Dowd, 73 Minn. 58, 72 Am. St. Rep. 603, 75 N. W. 756; Lyons v. Adel, 39 S. D. 317, 164 N. W. 56; Power Mercantile Co. v. Moore Mercantile Co. 55 Mont. 401, 177 Pac. 406. In each of these cases the material facts are identical with those presented here.

In Aultman & T. Co. v. O'Dowd, 73 Minn. 58, 72 Am. St. Rep. 603, 75 N. W. 757, supra, the court stated that the question for determination was: "Who has the superior right to the crops sown by a tenant before the expiration of the time for redemption,—the purchaser at the foreclosure sale, or the lessee, who remains in possession of the prem-

ises after such sale, and who cares for the crops, harvests them, and carries them off the premises before the owner takes possession thereof." In that case it was shown that the crop was planted and raised after the foreclosure sale and the foreclosure papers had been duly recorded and that the tenant then upon the land under a lease from the mortgagor was notified of this fact and further notified before he sowed the crops that in case title should pass under foreclosure that the purchaser at the foreclosure sale would claim the crop. The court held that this did not aid the grantee in the sheriff's deed because it merely tended to place the tenant "in the light of a wrongdoer, and as holding the premises wrongfully after the expiration of the period of redemption." After referring to the rule established in Minnesota in former cases, "that with respect to crops which are wholly the result of the labor of the disseisor and which he has severed and removed from the premises while still in possession, the title is in him, and the sole remedy of the owner of the land is his action for mesne profits," the court said: "It is difficult to see why, on principle, a more severe rule should be applied to a mortgagor, or his grantee or lessee who holds over after the expiration of the redemption period, than is applied to a disseisor, whose entry was a wilful trespass."

In Lyons v. Adel, 39 S. D. 317, 164 N. W. 57, supra, the premises were sold at foreclosure sale on June 6, 1914. No redemption was made, and on July 6, 1915 a sheriff's deed was issued. The mortgagor, who remained in possession of the land, had seeded a crop of wheat in September 1914. The wheat was harvested after the sheriff's deed had been issued in July 1915. The mortgagor "was suffered and permitted to be and remain in the uninterrupted, actual and exclusive possession of said real estate" until after the crop had been severed. The South Dakota court held that the holder of the title conveyed by the sheriff's deed might have ousted the mortgagor "from the possession of said premises immediately after the issuance of the sheriff's deed to it, and might have obtained possession in time to cut off the respondent's (mortgagor's) right to cut and harvest said crop," but that not having done so, and the crop having been permitted to mature and become severed, it was the property of the person who had produced it. In the opinion in that case, the court said:

"The facts of this case are within the general rule that where a mere

intruder upon lands plants crops thereon, such crops, so long as they remain unsevered, are the property of the owner of the land; but one who sows, cultivates, and harvests a crop upon the land of another is entitled to the crop as against the owner of the land, whether he came to the possession of the land lawfully or not, provided he remains in possession till the crop is harvested. 12 Cyc. 977; Churchill v. Ackerman, 22 Wash. 227, 60 Pac. 406; Page v. Fowler, 39 Cal. 412, 2 Am. Rep. 462; Stockwell v. Phelps, 34 N. Y. 363, 90 Am. Dec. 710; Lindsay v. Winona & St. P. R. Co. 29 Minn. 411, 43 Am. Rep. 228, 13 N. W. 192; Johnston v. Fish, 105 Cal. 420, 45 Am. St. Rep. 53, 38 Pac. 979. The crop in question was sown and harvested while defendant was in actual, uninterrupted possession of the lands upon which the same was grown."

In Power Mercantile Co. v. Moore Mercantile Co. 55 Mont. 401, 177 Pac. 408, supra, the premises were sold upon execution sale on June 3, 1914. In Montana, as in this state, a year is allowed for redemption. No redemption was made and on June 7, 1915, a sheriff's deed was executed and delivered to the purchaser at the execution sale. At the time the sheriff's deed was issued there was growing upon the premises certain crops which the mortgagor had sowed. The mortgagor was permitted to remain in possession and to sever the crops and the question was presented, whether the crops belonged to the grantee in the sheriff's deed or to the judgment debtor who had sowed them and who, remaining in possession, had severed them after the year for redemption had expired.

The Supreme Court of Montana, after stating that upon sale of the land, in the absence of reservation of title thereof, annual growing crops would, in case of sale with the right of immediate possession, pass to the purchaser together with the land upon such purchaser taking possession before severance, said:

"So likewise, when by virtue of a decretal or execution sale title to land becomes vested in the purchaser with right to present possession, title to annual crops sown by the former owner and then growing on the land passes, sub modo, to the purchaser and continues in him, unless and until such ownership is lost, and one of the ways by which his sub modo ownership may be brought to an end is the occupation of the land by a tenant at sufferance, who planted and cultivated the crops,

and harvested them when ripe, and thus appropriates to himself, as owner, that which has now become detached from the soil and ceased to be incidental or accessory to the land or the enjoyment of it. A ten-ant by sufferance is one who wrongfully remains in occupancy after his right to possession has ended. He holds over as the result of the owner's neglect or laches. He has the mere occupancy or actual possession, without any title to the land or any estate in it; he is not in privity with the owner, who may re-enter when he pleases and so terminate the tenancy without notice. While he is not entitled to gather crops which he had sowed, but which he did not reap, during his wrongful occupation, still 'until the determination of his tenancy he is not a trespasser, and the crops he severs and gathers while his tenancy continues are his as against' the landlord or owner entitled to possession. Wolcott v. Hamilton, 61 Vt. 79, 17 Atl. 39. The same rule, it may be remarked, applies to a trespasser who plants, cultivates, and harvests annual crops. Page v. Fowler, 39 Cal. 412, 2 Am. Rep. 462; Lynch v. Sprague Roller Mills, 51 Wash. 535, 99 Pac. 578. A tenancy by sufferance may be converted into one at will, and this change results, for example, when the owner who is entitled to possession permits the tenant by sufferance to retain possession in such circumstances as are inconsistent with the tenant's wrongful holding and show implied consent to his continuing possession."

Appellant contends, however, that this court in Hendricks v. Stewart, 53 N. D. 513, 206 N. W. 790, supra, and Tanous v. Tracy, 55 N. D. 100, 212 N. W. 521, supra, announced a rule contrary to that declared in the decisions of our three sister states. In short, he contends that Hendricks v. Stewart and Tanous v. Tracy, at least, in effect, hold that the rule that one who sows, cultivates and harvests a crop upon the land of another is entitled to such crop as against the owner of the land whether he came to the possession of the land lawfully or not, provided he remains in possession of the land until the crop is harvested, is not applicable where a person obtains title under a sheriff's deed to a tract of land upon which crops are then growing. And appellant asserts that under the rule announced by this court in the cases last cited the grantee in the deed becomes the owner not only of the land but of the crops and continues to be such owner without regard to whether the person

who planted the crops is permitted to remain in possession and sever and remove the same.

Appellant is clearly in error as regards the rule announced by this court in Hendricks v. Stewart and Tanous v. Tracy. Neither of these cases involved the question of ownership of crops that had been sown and harvested by a trespasser or a tenant at sufferance. Jones, Land. & T. § 220, et seq. In both of these cases the grantee in the sheriff's deed asserted his ownership and right to the growing crops before they had been severed. The decision in Hendricks v. Stewart, supra, instead of denying, expressly recognized, the rule that if a person who has planted a crop is permitted to remain in possession of the land and sever it that then the crop will belong to him and not to the grantee in the sheriff's deed. This court said: "In the case of matured crops or severed crops, it is held that they may be regarded as personalty, and the right of a debtor or mortgagor, while in rightful possession, to dispose of them in their matured or severed condition, is quite generally recognized." 53 N. D. 516, 206 N. W. 791.

In Tanous v. Tracy, a crop was produced by persons who entered the land and planted crops, during the period allowed for redemption, as lessees or tenants of the mortgagor. They "put in and raised the crop with the consent of both mortgagor and mortgagee." 55 N. D. 102, 212 N. W. 521. In that case the mortgagor was not in possession of the land and did not produce or sever a crop after the sheriff's deed had issued. The crop was produced by other persons and no question was presented as to the right of persons who had produced and severed the crop to retain the tenant's share. The controversy in that case involved solely the ownership of the landlord's share of the crop. Obviously the case did not involve any question as to the right of a tenant at sufferance or a trespasser to retain crops which he had produced and severed while in possession of the land. The facts in Hendricks v. Stewart, 53 N. D. 513, 206 N. W. 790, supra, and Tanous v. Tracy, 55 N. D. 100, 212 N. W. 521, supra, clearly distinguish them from the case at bar; and the language employed in the decisions in those cases discloses that they do not establish the rule for which appellant contends. On the contrary, the decisions in those cases, either expressly or impliedly, recognize that the rule, that one who sows, cultivates and harvests a crop upon the land of another is entitled to such crop as

against the owner of the land, whether he came to the possession of the land lawfully or not, provided he remains in possession of the land till the crop is severed, is applicable in a case where a mortgagor, remaining in actual, undisputed and uninterrupted possession, after the execution of a sheriff's deed, severs crops, which he had planted during the period allowed for redemption. The trial court was correct in holding that the plaintiff had failed to establish ownership of the crops in suit.

Judgment affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.