# MIKE WENZEL, Respondent, v. THOMAS TAYLOR, Appellant.

(180 N. W. 807.)

**Public lands — postdated lease cannot retroactively grant term already expired conveying title to crop previously harvested.**

A lease cannot by the device of postdating be made to operate retroactively, so as to grant a term that has already expired, and convey title to a crop of hay that had been previously harvested and stacked upon the land.

Opinion filed December 24, 1920. Rehearing denied January 11, 1921.

Appeal from the District Court of Stutsman County, *Nuessle,* J. Affirmed.

*C. S. Buck,* for appellant.

When the lease explicitly provides that the landlord may treat it as void on a breach of a condition by the tenant, his election to do so dissolves the relation between him and his tenant. Miller v. Havens, 16 N. W. 865; Schwoebel v. Fugina, 14 N. D. 375; 24 Cyc. 1347, 1350.

*S. E. Ellsworth,* for respondent.

An estate in real property other than an estate at will or for a term not exceeding one year can be transferred only by operation of law or by an instrument in writing, subscribed by the party disposing of the same or by his agent thereunto authorized by writing. Comp. Laws 1913, § 5511; Fuller v. Board of University & School Lands, 21 N. D. 216, 129 N. W. 1029.

The state, by failing to act upon a ground of forfeiture which, if it existed, should have been known in 1918, by demanding of plaintiff the rental for the ensuing year, and by giving him to believe until February, 1920, that it did not expect to exercise an option to cancel the lease, has conclusively waived its right to such forfeiture. Ferguson v. Talcott, 7 N. D. 182, 73 N. W. 205; Timmins v. Russell, 13 N. D. 487, 99 N. W. 48; Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Hanson v. Hanson Hardware Co. 23 N. D. 169, 135 N. W. 766.

The relation of landlord and tenant may be defined in general terms as that which arises from a contract by which one person occupies the property of another with his permission and in subordination to his

rights. 24 Cyc. 876, 882; Mpls. Iron Store Co. v. Branum, 36 N. D. 385, 162 N. W. 543.

A tenant in undisturbed possession of the demised premises is estopped to deny the title of his landlord, as such title of the landlord existed in him at the time of the creation or the inception of the tenancy, before a surrender of possession to the landlord. 24 Cyc. 935-937; Ricketson v. Gallighan (Wis.) 62 N. W. 87; Pappe v. Traut (Okla.) 41 Pac. 397; Bartlett v. Robinson (Neb.) 72 N. W. 1053; Lindsay v. R. Co. (Minn.) 13 N. W. 191.

Where the grass was severed from the realty before the confirmation of the sale, the title to the grass did not pass to the purchaser of the land. Yeazel v. White (Neb.) 58 N. W. 1020; Phillips v. Keysaw (Okla.) 56 Pac. 695.

BIRDZELL, J. Action to enjoin the defendant from removing hay from the northwest quarter of section 32, township 139, range 66, in Stutsman county. The plaintiff claimed one half the hay harvested upon the land in 1919. The judgment of the lower court found him to be the owner of one third thereof or 40 tons, and enjoined the defendant from interfering with plaintiff's ownership, possession, and right of removal. From this judgment defendant appeals.

In April, 1918, the plaintiff, Wenzel, was the successful bidder at a public sale of school-land rentals in Stutsman county, and there was demised to him for the term of five years the northwest quarter of section 32, township 139, range 66, for the sum of $85, payable in annual instalments of $17 each. A lease evidencing this demise was duly executed. The plaintiff paid the first year's rental in cash at about the time the lease was issued, and subsequently, in the month of July, 1918, entered into an oral agreement with one Greenstein, by the terms of which Greenstein was permitted to go upon the land and cut and remove the hay for the season of 1918 for a consideration of $55 paid to Wenzel. Later that year the plaintiff received a notice from the office of the state land commissioner dated December 1st, notifying him that the 1919 rental would be due on January 1, 1919, and unless paid by January 31st, the lease would be canceled without further notice. Plaintiff paid the rental on January 15, 1919, obtaining the receipt of the county treasurer of Stutsman county. Under date

of February 1, 1919, the plaintiff was notified by the public land commissioner that at a meeting of the board of university and school lands, held on January 30th, a resolution had been passed canceling the lease. In July of 1919 the defendant solicited of the plaintiff the privilege of taking off the hay crop for that year upon shares, and after some negotiations an oral agreement was made between the plaintiff and defendant whereby the latter was to harvest the crop and put it in stacks, receiving two thirds as his own. The defendant harvested the crop and stacked it upon the land, and during the following winter, about February 1, 1920, when the plaintiff claimed his portion, the defendant set up a claim based upon a subsequent lease from the board of university and school lands.

It seems that complaint was made during the summer of 1918 to the board that the plaintiff had sublet the land during 1918 in violation of a provision of the school-land lease, and that it was on account of this complaint that the lease was later canceled by the board. As a result of some correspondence initiated by the public land commissioner with this defendant in November, 1919, and some time after the hay had been harvested, the defendant was apprised that Wenzel's lease had been canceled, and that he should not pay anyone for a lease on the land except the county treasurer. As a result of this correspondence the defendant paid $75 to the county treasurer, and later, about January 28, 1920, the defendant's payment was accepted by the land commissioner as rental for 1919 and a lease was made to him. The defendant claims that this lease was retroactive on the hay crop of 1919, and gave him title to the whole of it. The plaintiff at all times resisted the action of the board of university and school lands in canceling his lease without notice after he had paid the rental for the year 1919.

We think the case is clear, and it requires little or no discussion to demonstrate the correctness of the judgment appealed from. The defendant put up the hay under a contract with the plaintiff which recognized the plaintiff's right to one third of it. The plaintiff had paid his rent for that year in response to a notice sent out after complaint had been made to the board giving the facts which were later made the basis of the cancelation. The lease to the defendant, which was not

made until January, 1920, could not demise a term that had already expired so as to convey title to the crop that had been harvested and thus converted into personalty. The judgment appealed from is affirmed.