Leonard LYNGSTAD and Ella Lyngstad, Plaintiffs and Respondents,

v.

Anna ROY, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the Complaint, Defendants,

and

Anna Roy, Appellant.

No. 7968.

Supreme Court of North Dakota.

Nov. 22, 1961.

Richardson & Blaisdell, Hazen, for plaintiffs and respondents.

E. T. Christianson, Cavalier, for defendant and appellant.

MORRIS, Judge.

By a deed issued by Rolette County, dated October 20, 1943, and recorded in the office of the register of deeds on November 29, 1943, Anna Roy became the record title owner of the East one-half of the Southwest Quarter and Lot 4, Section 19, Township 161, Range 69, and, by warranty deed from Raymond Gergen and his wife, dated March 11, 1942, and recorded in the office of the register of deeds of Rolette County November 29, 1943, she became the record title owner of Lots 1, 2 and 3, and the Southeast Quarter of the Northwest Quarter of said Section 19. All of this land is situated in Rolette County and not within an Indian reservation. It was assessed and taxed during the ensuing years as other

privately owned lands were taxed. On December 13, 1955, the land was sold to Rolette County for nonpayment of taxes, at the regular tax sale of that year. The land not having been redeemed, an auditor's tax deed was issued to Rolette County on October 2, 1959. On November 17, 1959, the county sold the land, on contract for deed, to Leonard Lyngstad and Ella Lyngstad, plaintiffs herein.

The plaintiffs brought this action to quiet title to and for possession of the land involved herein. The defendant Anna Roy answered by general denial and further alleged that she is an Indian enrolled as a member of the Chippewa tribe, Belcourt Indian Agency, Belcourt, North Dakota, and that although she is married to a white person, she has retained all of her rights and privileges as an enrolled Indian. Based upon her Indian status, she urges these defenses: (1) that the lands described in the complaint are a part of the homestead of the appellant as contemplated in the Federal Indian Homestead Act (25 U.S.C.A. § 412a), (2) that the lands were purchased with or in part from the proceeds of restricted Indian lands and funds, and (3) that no notice of pending litigation has been served upon the United States District Attorney as contemplated by 25 U.S.C.A. § 175, pertaining to the representation of Indians by district attorneys.

The plaintiffs moved for a summary judgment based on the pleadings and an affidavit to which was attached an abstract of title showing the acquisition of tax title by Rolette County and purchase by the plaintiffs under a contract for deed as we have heretofore set out. The motion was resisted by Anna Roy, who filed an affidavit in which she set forth that she was an enrolled Indian of the Turtle Mountain Agency at Belcourt, North Dakota, and that she inherited 80 acres of land on the Turtle Mountain Reservation from her father, who was an enrolled Indian to whom the land had been allotted by the Department of the Interior of the United States Government.

For purposes of the motion, it appears to have been admitted by the plaintiffs and assumed by the court, as disclosed by his memorandum opinion, that the land involved in this litigation was purchased by the defendant Anna Roy with funds obtained by the sale of grain raised on the allotted 80 acre tract on the reservation. Concerning these funds, she says in her affidavit, "That all funds obtained from the Eighty (80) acres allotted land herein referred to have been in the personal hands of and control of the affiant during all of the periods in question and at no time has this affiant used the facilities of the agency for the deposit of restricted funds from allotted Indian property." On the basis of these facts the court properly concluded that there was no genuine issue as to any material fact and proceeded to a determination of the motion for summary judgment on issues of law. Rule 56(c), N.D.R.Civ.P.

The land in question was individually owned by Anna Roy under a record title which contained no restrictions. It is located outside of an Indian reservation and, although owned by a tribal Indian, was subject to state taxation unless exempt as a federal instrumentality or was made immune from taxation by the state constitution or statutes. Pennock v. Commissioners, 103 U.S. 44, 26 L.Ed. 367; Shaw v. Gibson-Zahniser Oil Corporation, 276 U.S. 575, 48 S.Ct. 333, 72 L.Ed. 709; Oklahoma Tax Commission v. United States, 319 U.S. 598, 63 S.Ct. 1284, 87 L.Ed. 1612. It appears to be the contention of the appellant that this land was a federal instrumentality because it was purchased by an Indian with the proceeds of crops raised on 80 acres of allotted land located within an Indian reservation. Crops when harvested become personalty. Wenzel v. Taylor, 47 N.D. 55, 180 N.W. 807; Starits v. Avery, 204 Iowa 401, 213 N.W. 769. See also Hendricks v. Stewart, 53 N.D. 513, 206 N.W. 790. It does not appear that the Indian agency or officials of the Department of the Interior attempted to exercise any authority, control or restriction over the disposition of the crops raised by

the appellant on the 80 acres of allotted land and, as the affidavit of the appellant shows, the proceeds of the crops were not made a part of any restricted fund or deposit. We have found no federal statute, and none has been pointed out to us, controlling or restricting the disposition of such crops or the expenditure of the proceeds therefrom. It is clear to us that the money which Anna Roy obtained from the sale of the crops was not subject to restriction. She used this money in the purchase of the land in question and obtained an unrestricted title thereto. We hold that the land so acquired was not exempt from state taxation by virtue of the origin of the money with which the purchase was made and the fact that the purchaser was an Indian.

■ The appellant contends that the land involved herein is exempt from state taxation as a homestead under the provisions of an Act of Congress of June 20, 1936, as amended on May 19, 1937, 25 U.S.C.A. § 412a. This Act was passed after the decision of the United States Supreme Court, in Shaw v. Gibson-Zahniser Oil Corporation, 276 U.S. 575, 48 S.Ct. 333, 72 L. Ed. 709, to the effect that lands outside of a reservation purchased with restricted Indian funds and subject to a restraint against alienation are subject to state property taxation unless Congress speaks to the contrary. The Indian Homestead Act above cited has been construed to contain four conditions prerequisite to its application. These are that the land must:

"(a) have been purchased before May 19, 1937 out of the trust or restricted funds of individual Indians; (b) beheld subject to restrictions against alienation or incumbrance except with the approval of the Secretary of the Interior; (c) be selected for designation as a homestead by its owner or owners with the approval of the Secretary of the Interior; (d) be not more than a total of one hundred sixty acres in extent, if agricultural and grazing

lands, or cost more tehan $5000, if urban property."

United States v. Thurston County, D.C. Neb., 54 F.Supp. 201. This decision is approved and affirmed by County of Thurston v. United States, 8 Cir., 149 F.2d 485. In this case it does not appear that the appellant attempted to make any selection or designation of the land herein involved as a homestead. It is clear that none of the four prerequisites to the establishment of an Indian homestead exemption from state taxation has been met. The statute has no application here. See discussion of "Land Purchased With Restricted Funds," Federal Indian Law, United States Department of the Interior, 1958, page 860.

■ Finally the appellant contends that because of the provisions of Section 175, 25 U.S.C.A., the tax deed proceedings by which Rolette County obtained title were void and that the court in this action was without jurisdiction over the appellant because the United States District Attorney was not given notice and did not represent the appellant in either the tax deed proceedings or the court action. That section provides that:

"In all States and Territories where there are reservations or allotted Indians the United States district attorney shall represent them in all suits at law and in equity."

The same attorney who appears herein for the appellant represented her in answering the plaintiffs' complaint and in the hearing on the motion for summary judgment which resulted in the judgment from which this appeal is taken. We assume that representation was adequate and, of course, counsel for the appellant does not contend otherwise. The contention may be answered in the words of the court in Siniscal v. United States, 9 Cir., 208 F.2d 406, 410, that:

"We think 25 U.S.C.A. § 175 is not mandatory and that its purpose is no

more than to insure the Indians adequate representation in suits to which they might be parties. These Indians are citizens of the United States by the Act of June 2, 1924, 43 Stat. 253. They are sued as persons acting individually and not with reference to any right in which the United States or any officer thereof is in the position of a trustee or guardian. They were ably represented by counsel."

The district court of Rolette County had jurisdiction of the person of the appellant and the subject matter of the action. The land involved was not held by the appellant subject to a restricted Indian title nor was it exempt from state taxation. Under the showing made on the motion for summary judgment the court properly determined the questions of law which were wholly determinative of the result and did not err in directing entry of the judgment from which this appeal is taken. That judgment is therefore affirmed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.