**RINCON BAND OF MISSION INDIANS,**
La Jolla Band of Mission Indians,
Plaintiffs-Appellants,

v.

**ESCONDIDO MUTUAL WATER COM-
PANY et al., Defendants-Appellees.**

No. 26124.

United States Court of Appeals,
Ninth Circuit.

April 19, 1972.

Robert S. Pelcyger, Escondido, Cal. (argued), David H. Getches, Daniel M. Rosenfelt, Boulder, Colo., for plaintiffs-appellants.

Carl Strass (argued), George R. Hyde, Donald W. Redd, Shiro Kashiwa, Asst. Atty. Gen., Washington, D. C., Harry D. Steward, U. S. Atty., San Diego, Cal., Paul D. Engstrand, of Higgs, Jennings, Fletcher & Mack, San Diego, Cal., for defendants-appellees.

Before DUNIWAY and TRASK, Circuit Judges, and BYRNE, District Judge *.

TRASK, Circuit Judge:

This appeal is from an order of the district court dated March 13, 1970, denying plaintiffs' demand that the Attorney General of the United States be required to provide legal representation to the plaintiffs or to furnish security pursuant to Fed.R.Civ.P. 65(c).

The Rincon and La Jolla Bands of Mission Indians filed this action on July 25, 1969, seeking declaratory relief against the defendants, Escondido Mutual Water Company [Mutual] and Walter J. Hickel, Secretary of the Interior, alleging that an 1894 contract entered into between the Potrero Band of Mission Indians and Mutual's predecessor was invalid. The Rincon Band sought declaratory judgment that a 1914 water rights contract, purportedly entered into on their behalf by the Secretary of the Interior between the United States and Mutual, was also invalid. The Indian Bands sought damages from Mutual for alleged wrongful diversion of water from the San Luis Rey River and for alleged trespass upon their respective reservations. Alternatively, if the contracts were deemed valid, both Indian Bands sought damages for breach of contract. The Indians also sought an order in the nature of mandamus against defendant Attorney General to require him to provide legal representation or to furnish security pursuant to Fed.R.Civ.P. 65(c).

The district court's jurisdiction was based on 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus to an officer of the United States); and 28 U.S.C. § 1362 (Indian tribes). The order of the district court from which appeal to this court is made does not dispose of the entire action in the district court, but only that portion of it which determined that the United States need not furnish legal representation or security to the plaintiff Indian Bands, and denied the government defendants' motion to dismiss with prejudice. Since the district judge did not state in his order that it involved a controlling question of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of the litigation, as required by 28 U.S.C. § 1292(b), and the order is not one of those delineated as appealable in 28 U.S.C. § 1292(a), we must determine whether it is a "final decision" within the meaning of that term as used in 28 U.S.C. § 1291.

In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528 (1949), a diversity stockholder's derivative action, the Court determined that the district court's refusal to apply a state statute which made the plaintiff, if unsuccessful, liable for the reasonable expenses, including attorney's fees, of the defendant and entitled the corporation to require security for their payment, was a "final decision" within the meaning of 28 U.S.C. § 1291. The Court, *per* Justice Jackson, said:

> "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. . . ." 337 U.S. at 546, 69 S.Ct. at 1225.

The decision was not tentative, informal or incomplete; it was not a step toward a final judgment in which it would be merged. It did not involve the merits, and it would be too late for effective review if one were to await the final dispositive judgment on the entire case.

These comments apply as well �millⁱ issue raised in this appeal. Jur in this court rests, therefore, ⸤

* Honorable William M. Byrne, Sr., United States District Judge for the Central D'ifornia, sitting by designation.

C. § 1291. *See* discussion of "collateral orders" in Norman v. McKee, 431 F.2d 769, 772–773 (9th Cir. 1970), cert. denied, I S I v. Myers, 401 U.S. 912, 91 S.Ct. 879, 27 L.Ed.2d 811 (1971).

■ Although appellants in their brief to this court urge that the Attorney General be required to furnish security pursuant to Fed.R.Civ.P. 65(c) as an alternative to legal representation, the reason for this demand is somewhat obscure. It was not a part of the prayer of the complaint but was requested when temporary restraining orders and preliminary injunctions were asked in plaintiffs' order to show cause. Since security is required under Rule 65(c) before such injunctive relief may be obtained, it is the theory of the appellants that the Attorney General may be required to furnish it. No real legal reason is given. In any event, the parties have now stipulated that the appeals from the orders denying injunctive relief may be dismissed. Since no security will be required, the Rule 65(c) problem would appear to be an issue no longer.

As the basis for their claim that the Attorney General owes a duty to represent them in their water rights litigation against Mutual, appellants rely on 25 U.S.C. § 175. It reads:

"In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity."

Appellee contends that the duty imposed by Section 175 is discretionary and not mandatory. As the section appears in the United States Code, it is the last sentence of an entire paragraph enacted on March 3, 1893, ch. 209, § 1, 27 Stat. 631. The only change is that the designation "United States District Attorney" in the original bill was changed to "United States attorney" in the present code. The original statute read:

"An act making appropriations for current and contingent expenses, and fulfilling treaty stipulations with Indian tribes, for fiscal year ending June thirtieth, eighteen hundred and ninety four.

\*      \*      \*      \*      \*      \*

"To enable the Secretary of the Interior, in his *discretion*, to pay the legal costs incurred by Indians in contests initiated by or against them, *to* any entry, filing, or other claims, under the laws of Congress relating to public lands, for any sufficient cause affecting the legality or validity of the entry, filing or claim, five thousand dollars: *Provided*, That the fees to be paid by and on behalf of the Indian party in any case shall be one-half of the fees provided by law in such cases, and said fees shall be paid by the Commissioner of Indian Affairs, with the approval of the Secretary of the Interior, on an account stated by the proper land officers through the Commissioner of the General Land Office. In all states and Territories where there are reservations or allotted Indians the United States District Attorney shall represent them in all suits at law and in equity." (emphasis added.)

The appellee contends that the last sentence was added as an economy measure and does not change the discretionary character of the duty. We have so held in two cases. United States v. Gila River Pima-Maricopa Indian Community, 391 F.2d 53, 56 (9th Cir. 1968); Siniscal v. United States, 208 F.2d 406, 410 (9th Cir. 1953), cert. denied, 348 U.S. 818, 75 S.Ct. 29, 99 L.Ed. 645 (1954). In each of the cited cases, representation of the Indians would have placed the Attorney General on both sides of the case. In the *Gila-River* case we said:

"We have held that the statute (section 175) is not mandatory. Siniscal v. United States, 9 Cir., 1953, 208 F. 2d 406. See also Lyngstad v. Roy, N. D., 1961, 111 N.W.2d 699. There is some legislative history indicating that the statute was meant to apply

only to disputes relating to public lands. As to this question, see 'Federal Indian Law,' p. 304, Dept. of Interior (1966); 25 Decisions of Department of Interior 426, 428 (1897). We need not so decide, however. It is clear that the United States Attorney could not properly represent both sides in these cases. The Congress seems to have been aware of the possibility of conflict of interest. See Cong.Rec., 52d Cong. 2d Sess., Feb. 24, 1893, p. 2132. And Congress has made express provision for the retainer of private counsel, with the approval of the Secretary of the Interior, on claims against the United States. 25 U.S.C. §§ 81, 81a, 81b." 391 F.2d at 56–57.

Basically the same reason prevents the Attorney General from representing the appellants here, although, as appellants point out, the United States is not an opposing party. In his response to the order to show cause issued by the trial court, the Attorney General explained that appellants had filed a claim with the Indian Claims Commission in which they sought damages from the United States arising out of the same factual circumstances as those on which their claims in the present litigation are predicated.[1] In Docket 80–A before the Indian Claims Commission, the Department of Justice contends that the appellants here have suffered no damages as a result of the activities of Mutual and that the United States is therefore not liable to appellants in that proceeding. In the present litigation the Department of Justice would be asked to take the opposite position in representing appellants against Mutual. This could not properly be done either in the same action or by means of some independent action. The fact that the United States is not an opposite party in each action,

as it was in *Gila-River* and in *Siniscal*, does not eliminate the conflict of interest with which the Attorney General and the Department of Justice would be faced. The court properly denied the appellants' demand that the Attorney General be required to provide legal representation to appellants or to furnish security under Rule 65(c).

The judgment is affirmed.

---

[1] Indian Claims Commission Docket 80–A, pursuant to Indian Claims Commission Act, 25 U.S.C. § 70–70v.