SALT RIVER PIMA–MARICOPA IN-
DIAN COMMUNITY, Plaintiff,

v.

ARIZONA SAND AND ROCK COM-
PANY, an Arizona corporation, and
Salt River Valley Water Users' Associa-
tion, an Arizona corporation, et al., De-
fendants.

No. Civ. 72–376–Phx.

United States District Court,
D. Arizona.

Dec. 14, 1972.

---

Marks & Marks, Phoenix, Ariz., for plaintiff.

Carson, Messinger, Elliott, Laughlin & Ragan, Phoenix, Ariz., for Arizona Sand & Rock Co.

Killian & Legg, Mesa, Ariz., for Mesa Sand and Rock, Inc.

Smith & Buckley, Mesa, Ariz., for Johnson & Stewart Materials, Inc., Johnson and Campo.

Perry & Head, George Sorenson, Jr., Phoenix, Ariz., for Allied Concrete & Materials.

Robert E. Hurley, Phoenix, Ariz., for Salt River Valley Water Users Assn.

Robert V. Kerrick, Asst. Atty. Gen., Gary K. Nelson, Atty. Gen., Phoenix, Ariz., for Arizona State Highway Commission.

Ronald W. Meyer, Phoenix, Ariz., for Maricopa County.

Standage & Allen, Mesa, Ariz., for Merrill and Ickes.

William Smitherman, U. S. Atty., Alice A. Wright, Asst. U. S. Atty., Phoenix, Ariz., for Federal defendants.

## MEMORANDUM AND ORDER

WILLIAM D. MURRAY, Senior District Judge.

Before the court are motions to dismiss for lack of jurisdiction by Mesa Sand and Rock, Inc., John L. Merrill, Mrs. John L. Merrill, John L. Merrill, Administrator of the Estate of Ira L. Merrill, Sarah Ann Ickes, John Doe Ickes, husband of Sarah Ann Ickes, Gilbert Allen Merrill and Mrs. Gilbert Allen Merrill, Ira Keith Merrill and Mrs. Ira Keith Merrill, and by defendant Arizona State Highway Commission along with a motion to dismiss for failure to state a claim upon which relief may be granted by defendant United States. There is in addition a petition by the plaintiff for an order to show cause why the U. S. Attorney should not be ordered to prosecute suit on behalf of the tribe. Further, the defendants Arizona State Highway Commission have also moved to join the United States as a necessary or indispensable party. The motions of the private and corporate defendants rely upon Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1911) which held that under the well pleaded complaint rule jurisdiction is insufficient where the only federal ingredient in the suit is that the plaintiff's title was derived from the United States. The United States has moved to dismiss count two of the complaint which asks for a writ of mandamus under 28 U.S.C. § 1361, ordering the Department of Justice to prosecute the allegations of trespass levied against the private and corporate defendants in count one of the complaint. For the following reasons the court has determined that this court has jurisdiction, that the complaint states no grounds upon which to issue the writ of mandamus, and further that the United States is not an indispensable party.

Under 25 U.S.C. § 175 the United States Attorney has authority to represent Indians in all suits at law and in equity. Under recent 9th Circuit decisions this authority has been held discretionary. Rincon Band of Mission Indians v. Escondido Mut. Wat. Co., 459 F.2d 1082 (1972); United States v. Gila River Pima-Maricopa Indian Community, 391 F.2d 53 (1958) and Siniscal v. United States, 208 F.2d 406 (1953). It is clear that should the United States choose to exercise its discretion it could file suit in this case under 25 U.S.C.

§ 175 and as guardian and trustee for the tribe. United States v. Kagama, 118 U.S. 375, 6 S.Ct. 1109, 30 L.Ed. 228 (1886), United States v. Sandoval, 231 U.S. 28, 34 S.Ct. 1, 58 L.Ed. 107 (1913), etc.

■ In 1966 Congress passed 28 U.S.C. § 1362 upon which the complaint herein relies for jurisdiction and which provides that the district courts are to have original jurisdiction of all civil actions brought by Indian tribes or bands wherein the matter in controversy arises under the Constitution, laws or treaties of the United States. Judge Friendly held in Oneida Indian Nation of N. Y. State v. County of Oneida, N. Y., 464 F.2d 916, 919 note 4 (2nd Cir. 1972) that the sole purpose of § 1362 was to remove any requirement of jurisdictional amount. Contrary to Judge Friendly's holding and consistent with Judge Lumbard who dissented in the Friendly decision this court finds that House Report No. 2040, which accompanied S. 1356 (28 U.S.C. § 1362), indicates that in addition to removing the $10,000 jurisdictional requirement of 28 U.S.C. § 1331 the effect of the bill would be to provide the means whereby the tribes are assured of the same judicial determination whenever the government chooses not to exercise its discretion and declines to bring the action. U.S.C.C. & A.N. 1966, p. 3147. Reading these sections (25 U.S.C. § 175, 28 U.S.C. §§ 1331 and 1362) together it is apparent that this court has under § 1362 a statutory grant of jurisdiction in this matter. Under § 1362 any case which might have been brought by the United States is deemed to be one arising under the Constitution, laws or treaties of the United States if it is brought on behalf of an Indian tribe by their own attorneys.

■ In its petition for order to show cause and subsequent memoranda the plaintiff relies upon 43 U.S.C. § 1457, 28 U.S.C. §§ 519 and 547, and 25 U.S.C. § 175 as a basis for its contention that the United States has a duty to prosecute the charges in the complaint. In addition plaintiff establishes that the United States is a trustee of the land in question for the Indians and as such has a duty to obtain redress from those who trespass upon it. Neither theory creates a duty upon the United States. As stated above there is no duty under 25 U.S.C. § 175 which requires the United States to pursue any civil action on behalf of a tribe (*Rincon Band of Mission Indians*, supra) and the plaintiff concedes that § 175 is not mandatory. If that statute does not require representation, then there is no compelling rationale which would create a duty as the result of the trust relationship and the plaintiff cites no authority for such.

■■ Mandamus is not available as a means of compelling government officials to perform their discretionary functions in any particular way. It empowers a court only to enforce ministerial duties, not to perform discretionary acts involving the exercises of judgment. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir. 1966). None of the statutes relied upon by the plaintiff expressly establish a duty of the United States to provide legal representation to the plaintiff. Further there are no specific factual allegations to support the contention that federal defendants have arbitrarily and wrongfully refused to undertake appropriate litigation.

The United States and the defendant Arizona Highway Commission have both pointed out in their memoranda that alleged trespassers were operating under permits, agreements and licenses issued or ultimately derived through various branches of the United States government. The plaintiff does not deny this and a letter written by Assistant Secretary Loesch, Bureau of Land Management, and attached to the United States supplementary memorandum, supports this allegation. On the basis of the record before it the court must conclude that should the United States represent

the tribe in this matter ultimately a conflict of interest would result and therefore it is within the sound discretion of the Attorney General to refuse to do so.

The motion to join the United States as an indispensable party is denied. In this matter this court is bound by the 9th Circuit decision of Skokomish Indian Tribe v. France, 269 F.2d 555, 560 (1959). It does not appear that failure to join the United States would radically and injuriously affect its interest nor will a final determination be inconsistent with equity and good conscience. The defendants may raise all the issues with regard to ownership and control of the land that might be raised by the United States. Further if it should be determined that the United States has power to authorize the entry then it will be found that in fact there could be no trespass.

Therefore it is ordered and this does order that the motions of defendants Mesa Sand and Rock, Inc., John L. Merrill, Mrs. John L. Merrill, John L. Merrill, Administrator of the Estate of Ira L. Merrill, Sarah Ann Ickes, John Doe Ickes, husband of Sarah Ann Ickes, Gilbert Allen Merrill and Mrs. Gilbert Allen Merrill, Ira Keith Merrill, Mrs. Ira Keith Merrill and the Arizona State Highway Commission to dismiss for lack of jurisdiction be and the same is hereby denied, as is the motion of the Arizona State Highway Commission to join the United States under F.R.Civ.P. 19 as an indispensable party.

Further, inasmuch as the defendant United States has shown, pursuant to the order to show cause, that the decision to prosecute on behalf of the tribe is a discretionary one and the decision of the United States not to prosecute was not an abuse of that discretion therefore the motion to dismiss the claim against the defendant United States be and the same is hereby granted.

Further the defendants are granted 20 days within which to further plead.