**528**

**Bernard Anthony YBARRA, Plaintiff,**

v.

**Charles L. WOLFF, Jr., et al., Defendants.**

**No. CV–R–78–126–ECR.**

United States District Court,
D. Nevada.

May 9, 1984.

James W. Johnson, Jr., Johnson & Adams, Ltd., Reno, Nev., for plaintiff.

Brian McKay, Atty. Gen., Carson City, Nev., Mills Lane, Dist. Atty., by Jerry Mowbray, Deputy Dist. Atty., Reno, Nev., for defendants.

ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in 1978. The following year a CJA Panel attorney was appointed to represent him, upon his affidavit that he was financially unable to obtain his own counsel. In 1981 Plaintiff received $22,500 in settlement of an unrelated legal action. By Order entered August 17, 1983, 571 F.Supp. 209, he was ordered to reimburse the United States in the sum of $4,726.70 for past representation, because he was found to have such funds available. In addition, the appointment of counsel to represent Plaintiff in this habeas corpus proceeding was revoked for the same reason.

Plaintiff's Motion for Correction and Modification or Reconsideration of Order Directing Reimbursement was denied on December 9, 1983. He filed a Notice of Appeal from both orders on December 21, 1983. The Notice declared that both the requirement of reimbursement and the revocation of appointment of counsel were being appealed to the Ninth Circuit Court of Appeals. This Court then requested memoranda of points and authorities from Plaintiff and from the United States (who will receive any reimbursement) on the appealability of the orders appealed from.

Those points and authorities reveal that the basis for appeal is 28 U.S.C. § 1291, which grants jurisdiction to the courts of appeal over appeals from all final decisions of the United States district courts. Although a final decision has not been rendered on the merits of Plaintiff's petition for a writ of habeas corpus, Plaintiff contends that the Court's orders constitute final decisions as to the collateral issues of reimbursement and revocation of appointment of counsel within the intendment of *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

Research has not uncovered any case on all fours with the instant one. The closest factual situation is found in *United States v. Harris,* 707 F.2d 653 (2nd Cir.1983), where an order terminating the appointment of CJA counsel for a criminal defendant was held to be appealable under the collateral order doctrine of *Cohen,* as applied to 28 U.S.C. § 1291. However, habeas corpus is essentially a civil proceeding. *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 269, 98 S.Ct. 556, 563, 54 L.Ed.2d 521 (1978).

The Ninth Circuit distinguishes between criminal and civil cases in applying the *Cohen* doctrine to the final judgment rule of § 1291. *Gough v. Perkowski,* 694 F.2d 1140 (9th Cir.1982). The *Gough* opinion holds that an order disqualifying counsel in a civil case is immediately appealable, although it noted that such an order in a criminal case is not. *Id.* at 1142–1143. *See also In re Coordinated Pretrial Proceedings,* 658 F.2d 1355, 1358 (9th Cir.1981).

In another type of civil action, the denial of Indian plaintiffs' demand that the United States be required to provide them with legal representation was held to be immediately appealable under *Cohen* and § 1291. *Rincon Band of Mission Indians v. Escondido Mut. Wat. Co.,* 459 F.2d 1082, 1083–1084 (9th Cir.1972). The same is true of orders denying appointment of counsel in Title VII employment discrimination cases. *Bradshaw v. Zoological Soc. of San Diego,* 662 F.2d 1301, 1306 (9th Cir. 1981); *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 269 (9th Cir.1982). On the other hand, it recently has been held that an interlocutory order denying a motion for appointment of counsel in a habeas corpus proceeding is not appealable under *Cohen* and § 1291. *Weygandt v. Look,* 718 F.2d 952, 953–954 (9th Cir.1983).

From the foregoing, the Court cannot conclude that Plaintiff clearly is trying to appeal from non-appealable orders. This Court's orders as to reimbursement and revocation of appointment of counsel may come within the *Cohen* collateral order doctrine and § 1291. There is no requirement of certification or other action by the Court in connection with those issues.

IT IS, THEREFORE, HEREBY ORDERED that the Clerk of this Court shall process Plaintiff's appeal to the Ninth Circuit if he desires to prosecute it.

IT IS FURTHER ORDERED that the Clerk shall deliver a copy of this Order to the United States Attorney, because the United States has an interest in the order requiring reimbursement.